ALBERT W. LORENZ

vs.

CONN. MUTUAL LIFE INSURANCE CO., ET AL.

Superior Court    New Haven County    File #47010

Present:   Hon. ALLYN L. BROWN, Judge.

Edward S. Snyder,                   Attorney for the Plaintiff.

Nelson Harris;
D. L. O'Neill;                      Attorneys for the Defendant.

### MEMORANDUM FILED JULY 13, 1935.

This demurrer raises the question as to whether the allegations of the complaint state a cause of action as against the defendant Company. They disclose the Company to be owner of a building and lessor of a store on the ground floor thereof to the defendant Zemel as lessee; that there was no rear entrance to the store, necessitating the delivery and unpacking of crates and other freight for the lessee upon the public sidewalk in front of the store, which the Company knew when the lease was made; that the defendant Zemel on April 12, 1934, and long prior thereto, "with the knowledge, approval, and consent of the defendant Company," negligently permitted bits of metal, etc., concealed by excelsior, etc., from such unpacking, to accumulate and remain on said sidewalk rendering the same highly dangerous for public travel and constituting a public nuisance, and the defendant Company negligently failed to correct this condition as it could have in the exercise of due care; and that in consequence thereof the plaintiff fell on said day and was injured. While a trial upon the merits will very likely call for judgment in its favor, it is my conclusion that the substituted complaint sets forth a cause of action as against the defendant Company and is sufficient against this demurrer.

Liability of the lessor in such a case falls under the general

principle that where property is leased for a purpose that must prove offensive or dangerous to third persons, "he is deemed to authorize the nuisance, and is liable for the injury to such third persons. Where the **cause** of injury is one created or maintained by the license, consent, concurrence, or participation of the landlord, so that he becomes the principal of, or a joint tort feasor with, his tenant in doing the wrongful act or in the maintenance of the nuisance, he is, of course, responsible to a third person injured thereby. The liability in such a case results, not from his status as lessor, but is fundamental, and the result of participation in the wrong." **16 R.C.L. 1082; §599; 86 Am. St. Rep. 515, Note IId, and IId 1; 50 L.R.A. (N.S.) 292, Note V a; House vs. Metcalf, 27 Conn. 631.** The law of this state is clear that one charge-able with creating a dangerous condition in a highway is under a duty to use reasonable care to protect travelers from it. **Hanlon vs. Waterbury, 108 Conn. 197, 200; Calway vs. Schaal & Son, Inc., 113 Conn. 586, 590.**

By the allegations of his complaint the plaintiff has brought his case against the defendant Company within the possible scope of the foregoing principles of liability by participation in its tenant's wrong. Whether he can do so by his proof is a different question entirely. But this a trial upon the merits only can determine. Therefore the demurrer of the defendant Company is overruled.