[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MODIFICATION FOR CORRECTION OF ARBITRATION AWARD
The petitioner in this action, an automobile manufacturer, has requested an order modifying and correcting an arbitration award made by the Department of Consumer Protection under section 42-179 et seq. of the Connecticut General Statutes, known as the Lemon Law. The application is made based on sections 42-181, 52-419 and 52-420 of the General Statutes. The relevant facts are not disputed. Arbitration was requested and held under provisions in section 42-181 when the respondent, Joanne Hunter, was unable to resolve a dispute concerning her 1990 Montero car imported and distributed by Mitsubishi. The arbitrators made a written award in favor of Hunter on August 26, 1991, directing the manufacturer to give her a 1991 Montero to replace the 1990 Montero with various options listed in the award and with no more than 50 miles on the odometer, if it could be made available within thirty (30) days. Mitsubishi was also ordered to pay the difference in costs between the 1990 and 1991 replacement car, and if a replacement car could not be made available within thirty (30) days, it was to refund the contract price and all collateral costs to Hunter within forty-five (45) days. Mitsubishi was also ordered to refund all finance charges and $790.00 for the extended warranty on the 1990 car. The award was to be reduced by an allowance for Hunter's reasonable use of the car. Mitsubishi claimed that several material miscalculations were made by the arbitration panel, and requested the court to modify and correct the award in three respects pursuant to section 52-419 of the General Statutes: (1) recalculate the reasonable use allowance under section 42-179(d); (2) recalculate the refund of finance charges under section 42-179(d); and (3) redesignate the replacement vehicle to be an identical or comparable new 1990 model Montero.
Section 42-181(c)(4) provides that the court conducts a de novo review of quest ions of law raised in the application and that in addition to the grounds in sections52-418 and 52-419, the court considers questions of fact raised in the application and reviews findings based on the substantial evidence rule. In its brief, Mitsubishi has abandoned the second and third claims in the petition because the finance charge refund claim is moot and it located a replacement vehicle that conforms with the arbitration award. This leaves as the only issue whether the arbitrators applied the proper formula in calculating the reasonable use allowance. The attorney general's office, representing the Connecticut Department of Consumer Protection (DCP), has intervened in this petition without objection on the side of CT Page 10416 the respondent.
The arbitration procedure followed by the parties is established by section 42-181 of the General Statutes. Where arbitration occurs pursuant to a statute rather than by agreement of the parties, the statute defines the powers of the arbitrators. Caldor, Inc. v. Thornton, 191 Conn. 336,341, aff'd, 472 U.S. 703. On appeal, the question for the court is whether the arbitrators correctly interpreted the law. Carofano v. Bridgeport, 196 Conn. 623, 637. The petitioner claims that where the arbitrators give a reasonable use allowance to the manufacturer that they must follow the provisions of section 42-179(d) of the General Statutes. The DCP claims that the remedies available under section 42-181(c) are not exclusive and that a reasonable use allowance, if one is awarded, does not have to follow section 42-179(d). A reasonable use allowance was made in this case, and it is undisputed that it does not strictly follow section 42-179(d).
The remedies allowed for an arbitration panel are stated in section 42-181(c), which provides in part as follows:
 The decision shall provide appropriate remedies, including, but not limited to one or more of the following:
 (1) Replacement of the vehicle with an identical or comparable new vehicle acceptable to the consumer;
 (2) Refund of the full contract price, plus collateral charges as specified in subsection (d) of said section 42-179;
 (3) Reimbursement for expenses and compensation for incidental damages as specified in subsection (d) of said section 42-179;
 (4) Any other remedies available under the applicable warranties, section 42-179, this section and sections 42-182 to 42-184, inclusive, or the Magnuson — Moss Warranty — Federal Trade Commission Improvement Act, 88 Stat. 2183 (1975), 15 U.S.C. § 2301 et seq., as in effect on October 1, 1982, other than repair of the vehicle.
CT Page 10417
Statutes should be construed as a whole and so as to reconcile all parts as far as possible. American universal Ins. Co. v. DelGreco, 205 Conn. 178, 193. The statute expressly states that appropriate remedies include but are not limited to the four stated remedies. Subsection (4) of section 42-181 (c) also lists other remedies available to the arbitrators. Allowing the manufacturer a reasonable use allowance for the period when the consumer had use of the car is clearly an appropriate remedy. It has been held that arbitration panels have wide discretion in awarding appropriate remedies under the statute. Chrysler Corp. v. Maiocco, 209 Conn. 579, 595; Motor Vehicle Manufacturers Assn. of the United States, Inc. v. O'Neill, 203 Conn. 63,78. In Chrysler Corporation v. Maiocco, supra, the court held that arbitrators acting under section 42-181(c) have the authority to award attorney's fees, which is a remedy which is not specified in section 42-179(d).
Mitsubishi doesn't question the possibility of additional remedies under section 42-181(c), but argues that a reasonable use allowance other than one based strictly on section 42-179(d) amounts to a change in a specific remedy available under section 42-181(c). Section 42-181(c) does not specifically refer to a reasonable use allowance, but only makes general references, and in connection with other expenses and charges, to section 42-179(d). What Mitsubishi's argument amounts to is that the arbitrators cannot give a reasonable use allowance, unless they give one which precisely follows the provisions of section 42-179(d). That interpretation is rejected, and the court concludes that while the arbitrators could have followed section 42-179(d), they were not required to make any use allowance, and where they elected to do so, as in this case, they were authorized by section 42-181(c) to devise their own form of use allowance, provided it was appropriate and reasonable. Mitsubishi's argument overlooks the statement in section 42-181(c) that the arbitrators' decision shall provide appropriate remedies which are not limited to one or more of the specified remedies in that statute. While there are some limits on the authority of the arbitrators, they are given some discretion to create remedies, and the order here can reasonably be considered an "appropriate" remedy within the parameters of the statute.
In General Motors Corporation v. Martine, 213 Conn. 136,143, the court upheld an arbitrators' award which gave the consumer a refund and allowed the manufacturer a reasonable use allowance using the formula in section 42-179(d). The court concluded that the reasonable use allowance was within the statutory powers of the arbitrators, CT Page 10418 but did not hold that the arbitrators had to follow the formula in the statute.
Several cases have held that the arbitrators can order the manufacturer to provide a replacement vehicle without giving it a use allowance. General Motors Corporation v. Prokop, 2 CSCR 150 (1987); General Motors Corporation v. Prentiss, 2 CSCR 450 (1987); Ford Motor Co. v. Mills,2 CSCR 274 (1987); General Motors Corporation v. Schoonmaker,2 CSCR 108 (1986).
As the DCP notes, there is a conceptual difference between cases involving refunds, where calculation of a reasonable use fee is important for a proper financial adjustment between the parties, and cases such as the present one where the panel orders a replacement vehicle instead of a refund, and where a reasonable use fee is not mandatory. See section 42-179(d) which makes a distinction between replacement of the motor vehicle with a new one, or a refund to the consumer which carries with it four specific requirements, including the reasonable use allowance. This is reinforced by section 42-181(c)(1) which gives the remedy of replacement of the vehicle without any reference to section 42-179, unlike other subsections of the same statute. Since the arbitrators were not required to award any reasonable use allowance, it is difficult to see why they must calculate one based on section 42-179(d) if they make one. That is not expressly required by section 42-181(c) and would be contrary to the policy reflected in the cases and the preamble of the statute itself which gives wide discretion to the arbitrators to fashion appropriate remedies.
The application to modify and correct the arbitration award under sections 42-181(c) and 52-419 of the General Statutes is denied.
ROBERT A. FULLER, JUDGE