### SAMUEL S. STRONG *vs.* DANIEL B. NILES AND OTHERS.

A debt of a copartnership is also the joint and several debt of the individual partners.

A firm was dissolved and a part of its members as a new firm went on with the business. The plaintiff, who had been a book-keeper of the old firm, kept on with the new, and carried a balance due him for services from the old firm into his account with the new; and his account thus made up was afterwards paid by the new firm, they not knowing that it embraced any part of the old account. Held that, as the members of the new firm were personally liable for the debts of the old, the plaintiff was entitled to retain the money so received.

ASSUMPSIT, brought to the Superior Court in Middlesex County, and tried to the court, on the general issue, with notice of a set-off, before *Hitchcock, J.* Facts found and judgment rendered for the plaintiff, and motion in error by defendants. The case is sufficiently stated in the opinion.

*L. Hall,* for plaintiffs in error.

*A. B. Calef,* for defendant in error.

GRANGER, J.   The plaintiff's claim in this case consists of a note of one hundred dollars, dated February 1st, 1873, given to him by the defendants, and of a balance of account claimed by the plaintiff against the defendants, of one hundred dollars and seventy-six cents. At the time the note was given the defendants paid the plaintiff sixty-one dollars and ninety cents in cash, and in relation to this payment the principal controversy arises, and upon the following facts.

Some time prior to February 1st, 1873, the date of the note, a manufacturing copartnership was doing business in Chatham, under the name of Niles, Parmalee & Co., in whose employment as book keeper the plaintiff had been for some time. This firm was composed of Daniel B. Niles, H. E. Niles, J. J. Niles, and A. N. Niles, the present defendants, and several other persons, and was dissolved some time prior to that date, all the partners except the defendants retiring,

and taking from the old firm their interest therein. The business after that time was continued by the defendants as a new and distinct copartnership, under the name of D. B. Niles & Sons. On the 1st of February, 1873, the plaintiff went into the employment of the defendants as book-keeper, and continued in their employment till about February 1st, 1876, under a salary averaging one thousand dollars per year, with no fixed time for its payment.

On the 1st of February, 1873, when the plaintiff entered into the employment of the defendants, the old firm of Niles, Parmalee & Co. was indebted to him in the sum of one hundred and sixty-one dollars and ninety cents, balance of account. This balance the plaintiff, without authority from the defendants, and without their knowledge, on 1st day of February, 1873, passed to his credit in his account with the defendants, and it was mingled with and carried forward in his account till the 24th of March, 1874, when the plaintiff struck a balance in the accounts between himself and the defendants up to the 1st of February, 1874, the balance appearing to be three hundred dollars, into which balance the debt brought forward and transferred from the account of Niles, Parmalee & Co. entered. The plaintiff thereupon informed the defendants, who trusted him in the matter, that there was a balance of account due him from them of three hundred dollars, and they not knowing of the transfer of the old account and believing the three hundred dollars to be wholly the indebtedness of D. B. Niles & Sons, executed to the plaintiff the note for one hundred dollars in question, and paid him the balance of the three hundred dollars in cash; which balance contained sixty-one dollars and ninety cents of the old debt transferred by him from the account of Niles, Parmalee & Co. and passed to his credit in account with the defendants; and thus the plaintiff received of the defendants the balance of one hundred and sixty-one dollars and ninety cents due him from the old firm, sixty-one dollars and ninety cents being received in cash, and one hundred dollars of it being the note in question. The plaintiff sought to recover on the note in this action, but the court decided against him. Regarding the sixty-one dol-

lars and ninety cents, the defendants claimed that it should be deducted from the plaintiff's account, as so much money belonging to them, but the court decided that the plaintiff might lawfully retain the money thus paid, and rendered judgment for him accordingly.

The defendants bring the case here by motion in error, and the only question is, whether the court below was correct in holding that the plaintiff might lawfully retain the sixty-one dollars and ninety cents.

The finding conclusively shows that this amount was honestly due the plaintiff from the old firm of Niles, Parmalee & Co., of which firm all the present defendants were members; and by reason of being members of such firm they were of course, by the law of partnership, liable jointly and severally to pay the plaintiff his claim; and although the defendants paid this sum without knowledge that it was a debt of the old firm, yet as it was their duty to pay it, and it being justly due to the plaintiff, we think it was not against equity and good conscience for him to retain the money.

There is no error in the judgment complained of, and it is affirmed.

In this opinion the other judges concurred; except LOOMIS, J.; who did not sit.