GENERAL MOTORS CORPORATION *v.*
TERESA M. MARTINE
(13646)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued October 11—decision released December 5, 1989

*Daniel L. FitzMaurice,* with whom was *Deborah S. Chang,* for the appellant (plaintiff).

*Garry Desjardins,* assistant attorney general, with whom were *William M. Rubenstein,* assistant attorney general, and, on the brief, *Clarine Nardi Riddle,* attorney general, and *Robert M. Langer,* assistant attorney general, for the appellee (intervening defendant).

PETERS, C. J. At issue in this reservation from the Superior Court is the constitutional and statutory validity of the decision of an arbitration panel, acting pursuant to General Statutes §§ 42-181 through 42-184 (Lemon Law II), that awarded the purchaser of a defective motor vehicle a refund of the purchase price without allowing the manufacturer an offset to reflect damage that the vehicle had sustained in an accident caused by its defective condition. The plaintiff, General Motors Corporation, initiated this action to vacate the arbitrators' award to the defendant, Teresa M. Martine. Thereafter, the department of consumer protection (department) intervened as a party defendant.[1] At the request of all the parties, the trial court, *Ryan, J.,* granted a motion for reservation upon stipulated facts for the advice of the Appellate Court on three ques-

---

[1] The named defendant has not filed a brief in this court, but the department, as an intervening defendant, has assumed responsibility for her interests.

tions of law concerning the validity of the arbitration panel's action.[2] We transferred the case to ourselves pursuant to Practice Book § 4023, and answer each of the reserved questions in the negative.[3]

The defendant purchased a 1987 Buick Skyhawk from Minchin Buick, Inc., in Stamford on November 21, 1986. Over the next several months, she returned the vehicle to the dealer on four occasions in an attempt to deal with engine hesitation and surging. Each of these attempts to repair the problem proved unsuccessful. On March 21, 1987, the vehicle was involved in an accident when the defendant was unable to avoid col-

---

[2] The parties reserved the following three questions of law: "(1) Did the Department arbitration proceeding in *Martine* v. *General Motors*, (Case No. 87-0160), in which the Respondent requested and was awarded a refund of the full contract price of the vehicle pursuant to Conn. Gen. Stat. § 42-181, violate Petitioner's right to a trial by jury as guaranteed by Article First, Section 19 of the Connecticut Constitution? (2) If the answer to Question 1 is no, did the arbitration panel which heard and decided *Martine* v. *General Motors* exceed its statutory authority by awarding a full refund without a deduction for existing physical damage to the vehicle incurred in an accident? (3) If the answers to the preceding questions are no, did the award of the arbitration panel which heard and decided *Martine* v. *General Motors* violate Petitioner's right to a jury trial as guaranteed by Article First, Section 19 of the Connecticut Constitution insofar as the panel awarded a full refund without a deduction for existing physical damage to the vehicle incurred in an accident?"

[3] Although a serious question concerning the propriety of deciding a challenge to a statute might arise where, as in the present case, that statute has already been declared unconstitutional on other grounds; see *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill*, 212 Conn. 83, 561 A.2d 917 (1989); we need not address that question in this case since the lemon law arbitration process continues in operation by virtue of an agreement under which the plaintiff has consented to participate in automobile arbitrations until the statute can be rewritten to eliminate its constitutional infirmities. While this agreement does not by its terms apply to the present case, we feel that it is nevertheless appropriate to address the plaintiff's claims in order to facilitate arbitrations under the agreement. We note finally that the plaintiff in this case has concededly never relied, in its motion to vacate the arbitration award herein, on the issue of fair access to the courts which underlay our holding of unconstitutionality.

liding with the vehicle in front of her after the engine hesitated and then surged. The estimated damage to the vehicle was between $2000 and $2500. The vehicle that the defendant's car struck also sustained an unspecified amount of damage in the accident.

The defendant filed a request for arbitration with the department, demanding a full refund of the purchase price or replacement with a comparable new car, plus compensation for damage incurred by the other car in the March 21, 1987 accident and reimbursement for the arbitration filing fee. In response, the plaintiff filed a manufacturer's statement requesting that the arbitrators take no action on the case or, in the alternative, that the arbitrators allow the plaintiff an opportunity to make further repairs to the vehicle. The plaintiff additionally objected to the arbitration process on due process and equal protection grounds.

Following a hearing, the departmental panel of arbitrators issued a decision finding that the engine hesitation and surging was a defect that had substantially impaired the use, safety and value of the vehicle. The arbitrators also found, on the basis of the defendant's testimony, that the engine hesitation and surging directly caused the March 21, 1987 accident.[4] Accordingly, the arbitrators ordered the plaintiff to refund "the full contract price of the vehicle, including charges for undercoating, dealer preparation and transportation and installed options; all collateral charges, including sales tax, license and registration fees and similar government charges; reduced by the mileage deduction computed pursuant to the statutory formula." The arbitrators further ordered the plaintiff to reimburse the defendant for finance charges pur-

---

[4] Although the plaintiff does challenge, as a matter of law, the authority of the arbitrators to refuse to allow an offset for the damage to the vehicle, it does not challenge the arbitrators' factual finding as to the cause of the accident.

suant to General Statutes § 42-179 (d) and for the $50 lemon law arbitration filing fee. Finally, the arbitrators refused to allow the plaintiff to adjust the refund amount to reflect the damage resulting from the March 21, 1987 accident. No award was made for damage to the other vehicle.

This appeal involves a threefold attack on the arbitration panel's order. First, the plaintiff argues that the arbitration process violated its right to a jury trial as guaranteed by article first, § 19 of the Connecticut constitution,[5] since the relief requested and granted in this case was legal rather than equitable in nature. Second, the plaintiff contends that the arbitration panel's refusal to allow the plaintiff a reduction from the refund for the damage sustained by the vehicle in the March 21, 1987 accident amounted to an award of consequential damages that, according to the plaintiff, Lemon Law II does not authorize. Third, the plaintiff claims that, even if the award of a refund did not alone violate its right to a jury trial, it was entitled to a jury trial in defending against the claim for consequential damages.

I

The first reserved question is whether the arbitrators' refund order unconstitutionally deprived the plaintiff of a jury trial as guaranteed by article first, § 19 of the Connecticut constitution. The plaintiff argues that it is entitled to a jury trial in this case because the defendant's claims are the functional equivalent of an action for breach of warranty and revocation of acceptance, a proceeding that has historically been characterized as legal rather than equitable. We are not persuaded.

---

[5] Article first, § 19 of the Connecticut constitution provides: "The right of trial by jury shall remain inviolate."

This issue was fully decided in *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill,* 212 Conn. 83, 91, 561 A.2d 917 (1989) (*Motor Vehicle Manufacturers Assn. II*), in which we concluded that claims brought to arbitration panels pursuant to Lemon Law II are essentially equitable, and thus do not warrant a jury trial. We did not intend to invite a case-by-case analysis as to whether individual cases were essentially equitable or legal in nature. Moreover, the facts of this case fully support our conclusion in *Motor Vehicle Manufacturers Assn. II,* since the arbitration pleadings reveal that both the defendant in her request for arbitration and the plaintiff in its response to the request asked the arbitrators to fashion an equitable remedy. In the pleadings, the defendant sought, inter alia, an order requiring the plaintiff to provide a new car, while the plaintiff responded by indicating that the only appropriate action would be an order to make further repairs. That the arbitrators ultimately opted for the defendant's alternative request for a refund of the vehicle purchase price does not alter the equitable nature of an action instituted at least in part as an action for specific performance.

## II

The second issue in this reservation is whether the arbitration panel exceeded its authority under Lemon Law II by refusing to adjust the refund order to reflect the damage that the vehicle had sustained in the March 21, 1987 accident. The plaintiff contends that the order was invalid because it was in effect an award of consequential damages, a remedy that Lemon Law II does not authorize. We disagree.

Our analysis must begin with the well established proposition that any deviation from the conditions attached by the legislature to a statutorily compelled arbitration would furnish grounds for vacating the

arbitral decision. *Chrysler Corporation* v. *Maiocco*, 209 Conn. 579, 591, 552 A.2d 1207 (1989); see *Carafano* v. *Bridgeport,* 196 Conn. 623, 637, 495 A.2d 1011 (1985). It bears equal emphasis, however, that we have interpreted the provisions of Lemon Law II as affording arbitration panels "wide-ranging discretion to fashion 'appropriate remedies . . . .' " *Motor Vehicle Manufacturers Assn. of the United States* v. *O'Neill,* 203 Conn. 63, 78, 523 A.2d 486 (1987) (*Motor Vehicle Manufacturers Assn. I*).

Comparison of the arbitral decision in this case with the statutory formula for calculating refunds as set forth in General Statutes § 42-179 (d)[6] demonstrates that the decision falls squarely within the remedial framework of Lemon Law II.[7] Under the statutory for-

[6] Although General Statutes § 42-179 (d) is technically a provision of Lemon Law I, the subsection is adopted by § 42-181 (c) (2) of Lemon Law II for purposes of calculating refunds.

[7] General Statutes § 42-179 (d) provides in pertinent part: "NEW MOTOR VEHICLE WARRANTIES. LEASED VEHICLES. . . .

"(d) . . . the manufacturer shall . . . refund to the consumer, lessor and lienholder, if any, as their interests may appear, the following: (1) The full contract price including, but not limited to charges for undercoating, dealer preparation and transportation and installed options, (2) all collateral charges, including, but not limited to, sales tax, license and registration fees, and similar government charges, (3) all finance charges incurred by the consumer after he first reports the nonconformity to the manufacturer, agent or dealer and during any subsequent period when the vehicle is out of service by reason of repair, and (4) all incidental damages as defined in section 42a-2-175, less a reasonable allowance for the consumer's use of the vehicle. . . . A reasonable allowance for use shall be that amount obtained by multiplying the total contract price of the vehicle by a fraction having as its denominator one hundred thousand and having as its numerator the number of miles that the vehicle traveled prior to the manufacturer's acceptance of its return."

The arbitrators' order provides in pertinent part: "The manufacturer shall refund to the consumer the full contract price of the vehicle, including charges for undercoating, dealer preparation and transportation and installed options; all collateral charges, including sales tax, license and registration fees and similar government charges; reduced by the mileage deduction computed pursuant to the statutory formula. The manufacturer shall also reimburse the consumer for (1) finance charges as specified in Sec-

mula, arbitration panels are directed to include three specific categories of expenses in a refund order: (1) the full contract price for the vehicle, including charges for such items as undercoating, dealer preparation, transportation and installed options; (2) all collateral charges such as sales tax and license and registration fees; and (3) all finance charges incurred by the consumer after the defect was reported to the dealer. The refund order includes each of these expenses. The statute next authorizes arbitration panels to include reimbursement for incidental damages. Pursuant to this provision, the arbitrators ordered the plaintiff to pay the defendant's $50 arbitration filing fee.

Finally, § 42-179 (d) directs the arbitrators to deduct from the award a reasonable allowance for the consumer's use of the vehicle, and defines reasonable use according to the mileage driven. Here again, the arbitration panel followed the terms of the statute precisely. Since the statute makes no reference to any other deductions from refund orders, and since the arbitration panel carefully tracked each of the other provisions of the statutory formula, we conclude that the arbitral decision did not exceed the scope of Lemon Law II.

Our conclusion is further supported by the fact that the arbitrators' refusal to allow an adjustment for damage to the vehicle does not implicate the usual concerns associated with consequential damages. The damages in this award are not too speculative in their calculation nor does their amount involve an assessment that is disproportionate to the contract price. See, e.g., *West Haven Sound Development Corporation* v. *West Haven,* 201 Conn. 305, 320–21, 514 A.2d 734 (1986); *Tomkins,*

---

tion 42-179 (d), (2) the $50.00 filing fee. . . . The manufacturer shall not make any deduction of reimbursement to the consumer because of [damage] to the consumer's vehicle sustained in the accident of 3-21-87."

*Inc.* v. *Bridgeport,* 94 Conn. 659, 684–85, 110 A. 183 (1920); see also *Hadley* v. *Baxendale,* 156 Eng. Rep. 145 (1854); J. White & R. Summers, Uniform Commerical Code (3d Ed. 1988) § 10-4.[8]

### III

Our conclusions as to the first and second issues fully resolve the third and final question, namely, whether the arbitrators' refusal to adjust the refund order to reflect the damage to the vehicle entitles the plaintiff to a jury trial. Since we have decided that the arbitral order in this case did not constitute an award of consequential damages and that all arbitration actions pursuant to Lemon Law II are essentially equitable, it necessarily follows that the plaintiff's claim that it is entitled to a jury trial insofar as the arbitrators' order included an award for consequential damages is without merit.

We answer no to all three of the questions reserved by the trial court.

No costs shall be taxed to either party.

In this opinion the other justices concurred.

---

[8] We note that this case gives us no occasion to decide the extent to which lemon law arbitration panels have the authority to decide a case involving consequential damages such as might be involved in a claim for personal injuries or for damage to property other than the defective motor vehicle. The relationship between Lemon Law II and the Products Liability Act; General Statutes §§ 52-572m through 52-572r; is a complicated one which we will examine only in a factually appropriate case.