[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter is concerned with an application by Saab Cars USA, Inc. (Saab), filed pursuant to General Statutes 42-181, and 52-418 through 52-420, to vacate or, alternatively, to modify and correct an arbitration award granted by a Department of Consumer Protection arbitration panel. The award was the end result of claims made by Joy Avidan (Avidan) concerning a new car manufactured by Saab, and the filing of a Lemon Law arbitration against Saab. The Department of Consumer Protection has intervened as a party defendant in this matter and has filed c brief in which Avidan joined. Affidavit, 6/14/91.
Saab claims that the award should be vacated under 52-418(a) because there was no basis for the panel to find that a "reasonable number of attempts" were undertaken to conform the motor vehicle to applicable express warranties, as required by42-179(b d) in that the statute requires four such attempts during the two year period following the date of original delivery of the motor vehicle or during the first 18,000 miles of operation, whichever ends first, whereas, in the instant matter, only two such attempts took place during the aforementioned statutorily-protected period. 42-179(e). Saab claims that the arbitrators exceeded their powers or so imperfectly exercised them that a mutual, final and definite award on the matter was not made. CT Page 5441
In the alternative Saab claims that the reasonable use allowance was miscalculated by the panel in that it did not calculate said allowance as required by the formula set forth in42-179(d), resulting in a miscalculation. Saab claims that it is entitled, under 52-419, to have the award modified and corrected by a recalculation of the allowance.
Under 42-181(c)(4) upon the filing of an application in the Superior Court for an order vacating, modifying or correcting any award, a review of such application shall be confined to the record of the proceedings before the arbitration panel. The court shall conduct a de novo review of the questions of law raised in the application and, in addition to the grounds set forth in52-418 and 52-419, the court shall consider questions of fact raised in the application. In reviewing questions of fact, the court shall uphold the award unless it determines that the factual findings of the arbitrator are not supported by substantial evidence in the record and that the substantial rights of the moving party have been prejudiced.
To begin with, the panel, at the commencement of the hearing spread on the record that "This panel has determined the case to be eligible and we will proceed with this hearing." Tr. pg 6;42-181(b).
It should be noted that prior to seeking relief under the Lemon Law, Avidan had approximately fifteen documented repair visits to the dealer for various problems on the automobile. The most important defect claimed by Avidan was the brakes and that is the item that caused her to initiate this procedure.
 I.
As previously noted, Saab's first claim is that the award should be vacated because there was no basis for a finding by the panel that a "reasonable number of attempts" were undertaken to conform the motor vehicle to applicable express warranties. 41-179(d). Saab's claim is that under 179(e) "a reasonable number of attempts" means that the vehicle has been subject to repair four times during the first two years following the date of original delivery of the motor vehicle or during the first 18,000 miles of operation but the nonconformity continues to exist. Saab suggests that the brake pads, the crucial defect claimed by Avidan, were replaced only two times during the statutorily protected period and that the requirement set forth in 42-179(e) has not been met. (Emphasis added.)
Saab dismisses the provisions of 42-179(f) in a footnote as not being applicable to the matter or claimed as being applicable by Avidan. CT Page 5442
Section 42-179(f) provides, in part, as follows: "If a motor vehicle has a nonconformity which results in a condition which is likely to cause death or serious bodily injury if the vehicle is driven, it shall be presumed that a reasonable number of attempts have been undertaken to conform such vehicle to the applicable express warranties if the nonconformity has been subject to repair at least twice by the manufacturer . . . or authorized dealer within the express warranty term or during the period of one year following the date of the original delivery of the motor vehicle to the consumer, whichever period ends first, but such nonconformity continues to exist. . . ." (emphasis added).
Concerning Saab's assertion that no claim was made by Avidan as to the applicability of 42-179(f), the court cannot find any requirement that she must make a claim that any specific statute applied to her case. She was furnished a form by the Office of Consumer Protection entitled "Request for Arbitration" and returned it, properly completed, to that office. A copy of that request is attached to Saab's application but several pages are missing. A copy is also attached to Avidan's brief. Question #13 reads: "In order for the arbitration panel to find in your favor there must be a substantial loss of use, safety, or value. Explain how the use, safety or value of this vehicle has been impaired." (Emphasis added.)
Avidan answered question #13 as follows: "The frequency of malfunctioning of the brakes causes the potential accidents which may result in an injury or death to myself and my family. Also, as a result the vehicle needs replacement of brakes which causes inconvenience and inability to use the car and subsequently results the loss of value." (Emphasis added.)
The transcript reveals (pg. 8) that in answer to a question as to what she primarily used the car for, she replied: "I transport my children a lot of places. I have three children, and I use it in my community a lot. A lot. And I really feel not safe with my children in the car."
And again, Tr. p. 10; "I don't feel safe. I mean, I really feel that one day I'm not going to have the warning in the car that I've had in the past and I'm afraid of an accident and I'm afraid of my kids in the car, and I'm not happy about it."
The court is aware that 14 — 80h, General Statutes is entitled "Brake equipment of motor vehicles." The court is entitled to assume that the arbitration panel had that same awareness, particularly as it had an expert sitting with it. Section 14 80h(a) requires that each braking system be maintained in good working order at all times. CT Page 5443
It is to be noted that both 14-179(e) and (f) are couched as a presumption. This court does not read either section "as foreclosing a plaintiff from proving that some other number of attempts are reasonable under the circumstances. "Rather, the specifications of the statute merely provide a formulation that, when met, can eliminate contests over reasonableness of a consumer's attempts to obtain satisfaction through repairs." Marinelli v. Nissan Motor Corp. 3 CSCR 524.
The panel specifically found that Avidan took delivery of the automobile on March 17, 1989 and brought it in for attempted brake repairs for the first time on December 4, 1989, and for a second time on February 28, 1990. She also brought it in July 30, 1990 and December 13, 1990 for the same problem. The panel found that the brake problem continues to exist. Award, pg. 1.
The panel found that "the vehicle has been subject to reasonable number of repair attempts for a defect which substantially impairs the use, value and safety of the vehicle for the consumer." Award, pg. 1.
The panel gave as Reasons for its award the following: "Decision based on an ongoing problem with brake pads that rend the vehicle unsafe due to premature wear during the service period. This use produces substantial impairment to the future use of this vehicle. . . ." Award, pg. 3.
In the view of this court it is difficult to imagine a brake "defect which substantially impairs the use . . . of the vehicle" (panel's finding) which does not "result in a condition which is likely to cause death or serious bodily injury if the vehicle is driven." 42-179(f).
Be that as it may, the court finds that, with regard to Saab's request to vacate the award, the panel correctly applied the law of this State to the matter before it and the court further finds that there was substantial evidence before the panel which supported its findings of fact.
 II
Saab's alternative request is that the award be corrected by a recalculation of the amount of use allowance granted by the panel. It claims that this correction is necessary because the panel did not follow the formula set out in 42-179(d).
Section 42-179(d) in setting forth elements of a refund by a manufacturer to a consumer states: "(4) all incidental damages, as defined in 42a-2-715, less a reasonable allowance for the CT Page 5444 consumer's use of the vehicle." Further on in the section it states: "A reasonable allowance for use shall be that amount obtained by multiplying the total contract price of the vehicle by a fraction having as its denominator one hundred thousand and having as its numerator the number of miles that the vehicle traveled prior to the manufacturer's acceptance of its return."
Avidan claims that 42-181(c) controls and that the arbitrators did not and need not pay heed to the directions of the legislature contained in 42-179(d) concerning use allowance. We do not agree.
Section 42-181(c)(3) lists, as follows, one of the remedies available to arbitrators: "(3) Reimbursement for expenses and compensation for incidental damages as specified in (3) of section42-179." Section 42-179(d)(4), as adopted by 42-181(c)(3), see General motors Corporation v. Martine, 213 Conn. 136, 142, Footnote 6, does specify incidental damages and it also specifies that they be net. Section 42-179(d)(4) reads: "All incidental damages as defined in section 42a-2-715, less a reasonable allowance for the consumer's use of the vehicle. . . ." The section then goes on to set up a formula as to how "a reasonable allowance for use" shall be determined. The section and the formula have previously been quoted herein. The teaching of the Supreme Court in General Motors Corporation v. Martine, 213 Conn. 136,143, leaves no room for this court but to rule that the arbitrators must follow the terms of the formula contained in 42-179(d). The instant matter must be remanded to the arbitrators for correction.
The application of Saab Cars USA, Inc. for an order vacating the award of the arbitrators is denied.
The application of Saab Cars USA, Inc. for an order correcting the award of the arbitrators is granted and the matter is remanded to the arbitrators with directions to make the appropriate findings, calculate the use allowance as directed in42-179(d) and re-compute the net award.
HAROLD M. MULVEY, STATE TRIAL REFEREE