[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR REVIEW OF ARBITRATION AWARD
The petitioner, Mercedes-Benz of North America, Inc., brought the present application under General Statutes 42-81, 52-418 and52-419 for a review of an arbitration award made in favor of the respondent, The American Ulysis Company, pursuant to the "Lemon Law", General Statutes 42-179 et seq. The State of Connecticut Department of Consumer Protection ("DCP") intervened in the proceedings after receiving permission of the court to do so. The case involves an arbitration proceeding in which it was found by the arbitrators that a vehicle leased by the petitioner to to the respondent had been "subject to a reasonable number of repair attempts for a defect which substantially impairs the use, value CT Page 673 or safety of the vehicle for the consumer." As a result of the arbitration, a refund was awarded to the respondent which was reduced by the sum of $9,937.99 to reflect an allowance for the respondent's use of the vehicle. Following the written award made by the arbitrators, the DCP calculated the reasonable use allowance based upon the number of monthly payments made by the respondent (16) on the basis of a formula submitted by the arbitrators. The petitioner claims that the use allowance should have been computed on the basis of the total of lease payments called for under the lease which would result in a use allowance attributable to the respondent of nearly three times the amount that was set forth in the the award. The issues presented by the petitioner center around the use allowance issue and, for various reasons hereinafter discussed, the petitioner claims that the award should be set aside and/or corrected.
The petitioner claims that the arbitrators failed to follow mandated statutory provisions and therefore the award should be set aside. Specifically, the petitioner claims that General Statutes 42-179 provides for certain refunds to be made to the consumer and then states: "(A) reasonable allowance for use shall be that amount obtained by multiplying the total contract price of the vehicle by a fraction having as its denominator one hundred thousand and having as its numerator the number of miles that the vehicle travelled prior to the manufacturer's acceptance of its return." The petitioner claims that the utilization of the number of monthly payments made by the lessee constitutes a deviation from the requirement to utilize the "total contract price" and therefore the award is not in accordance with the statutory mandate.
In General Motors Corp. v. Martine, 213 Conn. 136 (1989), the court upheld an award of the arbitrators which utilized the formula set forth in General Statutes 42-179 (d). In so holding, the court noted that the statute referred to "directs the arbitrators to deduct from the award a reasonable allowance for the consumer's use of the vehicle, and defines reasonable use according to the mileage driven." As noted by the petitioner, at least one court has found that language to require arbitrators to employ the statutory use formula. See Saab Cars U.S.A., Inc. v. Avidan, 17 CLT 29 (July 22, 1991) (Mulvey, J.). However, the court does not interpret Martine, supra, as holding that arbitrators cannot deviate from the statutory formula and, accordingly, for reasons hereinafter stated the court does not consider the case to be dispositive of the issues here presented. CT Page 674
General Statutes 42-181 provides that the DCP shall create an independent arbitration procedure to be utilized at the option of the consumer and further provides, in subsection (c), that the decision of the arbitrators:
 ". . . shall provide appropriate remedies, including, but not limited to one or more of the following:
 (1) replacement of the vehicle within an identical or comparable new vehicle acceptable to the consumer;
 (2) refund the full contract price, plus collateral charges as specified in subsection (d) of said Section 32-179;
 (3) reimbursement for expenses and compensation for incidental damages as specified in subsection (d) of said Section 42-179;
 (4) any other remedies available under the applicable warranties, Section 42-179, this section and Sections 42-182, to 42-184, inclusive, or the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act, 88 Stat. 2183 1975, 15 U.S.C. § 2301 et seq. . . ."
The arbitration provisions of the Lemon law provide arbitration panels with wide ranging discretion action to fashion appropriate remedies. Motor Vehicle Manufacturers Assn. of the United States, Inc. v. O'Neill, 203 Conn. 63, 78 (1987). The expansive nature of the arbitration provisions for remedial action leaves considerable room for variation and the statutes are to be liberally construed in favor of those whom the legislature intended to benefit, i.e. consumers.
Chrysler Corporation v. Maiocco, 209 Conn. 579, 595 (1989). The arbitration provisions of the Lemon law do not specifically mandate a formula combination for the determination of consumer use of a vehicle. The statutory reference to "appropriate remedies, including but not limited to" designated remedies lead the court to conclude that a formula expressed in General CT Page 675 Statutes 42-179(d) does not constitute a limitation of the powers of arbitrators under General Statutes 42-181(c). Ford Motor Company v. Miller, Superior Court, Judicial District of Hartford-New Britain at Hartford, June 1, 1993, -CSCR-(Sullivan, J.) and cases cited therein; Mitsubishi Motor Sales of America, Inc. v. Hunter, 7 CSCR 122 (February 3, 1992) (Fuller, J.) and cases cited therein.
Following the issuance of the award by the arbitrators, the DCP performed a mathematical computation which eventually resulted in the figures set forth in the final award'. Our Statutes provide that "the Department of Consumer Protection shall investigate, gather and organize all information necessary for a fair and timely decision in each dispute." General Statutes 42-181(c). However, our statutes also provide that: "Notwithstanding any provision of the General Statutes or any regulation to the contrary, the Department of Consumer Protection shall not amend, reverse, rescind or revoke any decision or action of an arbitration panel." General Statutes 42-181(c)(4). It is also true that an arbitration award is not invalid even though calculations may necessarily be required to determine its effect if the award itself is sufficiently definite. Local 63, Textile Workers Union v. Cheney Bros., 141 Conn. 606, 618 (1954). Accordingly, the DCP could perform calculations related to an arbitration award as long as the DCP was effectuating the arbitration award itself if its actions did not constitute an alteration or modification thereof.
In the present case, the arbitration panel utilized a printed form providing various options to it affording a refund to the consumer including options relating to a use allowance deduction to be made from any award in favor of the consumer. The parties are in agreement that the arbitrators could have determined that no use allowance deduction was appropriate or could have determined, on form itself, any appropriate determination made with respect to use allowance. However, part of the printed page contained a formula which stated:
 (Total Amount of Monthly Payments) X x ( miles) ------------------------------------------------------- 100,000
The arbitrators then inserted 34,359 before the word "miles" in the formula and apparently the DCP then inserted "16" as the number representing the total amount of monthly payments and CT Page 676 performed the mathematical computations resulting in the use allowance deduction attributable to the respondent's use of the vehicle. However, the arbitration award itself is unclear as to whether the arbitrators intended to utilize the total amount of monthly payments "made by the lessee" or whether the arbitrators intended to utilize the total amount of monthly payments "called for under the lease." If the arbitrators intended to use the total number of payments called for under the lease, i.e. 48, then utilization of the number 16 by the DCP would constitute an alteration or modification of the arbitration award and would not be within a rule simply allowing them to perform calculations to effectuate the award. Accordingly, the arbitration award is vacated and set aside only with respect to the determination of the use allowance deduction and the matter is returned to arbitration to determine a more definite award by the arbitrators with respect to that item.
RUSH, J.