[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
February 19, 1997, a Department of Consumer Protection arbitration panel, acting in accordance with the Lemon Law[1], awarded the defendant, Eugene J. Dohmann, a new vehicle to replace a pick-up truck that the defendant had previously purchased. The defendant had complained that the vehicle he purchased had a defective paint job that could not properly be fixed without substantially lowering the dollar value of the vehicle. The defective vehicle was manufactured by the plaintiff, General Motors Corporation (GM). CT Page 13802
On March 25, 1997, the plaintiff filed an application pursuant to General Statutes § 42-181(c) (4), and §§ 52-418
through 52-420 to vacate the arbitration award.[2] This application is currently before the court. The court granted the State of Connecticut Department of Consumer Protection's (DCP) motion to intervene as a party defendant.
By its application GM is requesting that the court vacate the arbitrators' award on the basis that "the arbitration panel has exceeded its powers by deviating from the conditions and parameters set forth in [General Statutes] §§ 42-179 and42-181."
 I
The court has reviewed the record of the arbitration. The record reveals testimony and evidence from which the arbitration panel reasonably could have found the following facts: Dohmann took possession of a new truck on October 26, 1996, which he had purchased from Maritime Motors; on October 27, he noticed defects in the paint on the flat areas of the truck including the roof, the hood, the top rails and the top areas of the bumpers; on October 28, 1996, Dohmann notified Maritime of this paint damage and requested a replacement vehicle; Maritime refused this request, but offered alternative solutions; Dohmann agreed to allow Maritime to replace the hood of the truck; the replacement hood, however, overlapped the fenders; Maritime suggested adjusting the fenders to the hood, but Dohmann refused to allow Maritime to do this; Dohmann also refused Maritime's suggestions to wet sand or repaint the truck,[3] based on his belief that factory paint on new vehicles is superior to body shop repainting and that wet sanding and repainting would remove the factory applied clear coat on the vehicle.
 II
The defendant brought his original complaint to the arbitration panel under Connecticut's Lemon Law. "The Lemon Law is a remedial statute that protects purchasers of new passenger motor vehicles. It was designed to compel manufacturers of passenger motor vehicles to fulfill all express warranties made to consumers, and to facilitate a consumer's recovery against the manufacturer of a defective vehicle should a dispute arise. The Lemon Law directs that `[i]f a new motor vehicle does not conform CT Page 13803 to all applicable express warranties, and the consumer reports the nonconformity to the manufacturer . . . during the period of two years following the date of original delivery of the motor vehicle to a consumer or during the period of the first eighteen thousand miles of operation, whichever period ends first, the manufacturer . . . shall make such repairs as are necessary to conform the vehicle to such express warranties . . . .' . . . The Lemon Law also establishes an arbitration procedure, under the auspices of the department, that a consumer can invoke in the event of a dispute over these warranties with a motor vehicle manufacturer. . . ." (Citation omitted; footnote omitted.) CagivaNorth America v. Schenk, 239 Conn. 1, 6-7, 680 A.2d 964 (1996).
General Statutes § 42-181(c) (4) provides in relevant part: "A review of [an application to confirm, vacate (4), modify or correct an arbitration award] shall be confined to the record of the proceedings before the arbitration panel. The court shall conduct a de novo review of the questions of law raised in the application. In addition to the grounds set forth in [General Statutes §§] 52-418 and 52-419, the court shall consider questions of fact raised in the application. In reviewing questions of fact, the court shall uphold the award unless it determines that the factual findings of the arbitrators are not supported by substantial evidence in the record and that the substantial rights of the moving party have been prejudiced."
"[A]ny deviation from the conditions attached by the legislature to a statutorily compelled arbitration would furnish grounds for vacating the arbitral decision. . . . It bears equal emphasis, however, that [this court has] interpreted the provisions of Lemon Law II as affording arbitration panels wide-ranging discretion to fashion appropriate remedies. . . ." (Citations omitted; internal quotation marks omitted.) GeneralMotors Corporation v. Martine, 213 Conn. 136, 141-42,567 A.2d 808 (1989).
 III
General Statutes § 42-179(d) states in pertinent part: "If the manufacturer, or its agents or authorized dealers are unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition which substantially impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall replace the motor vehicle with a new motor CT Page 13804 vehicle acceptable to the consumer . . . . It shall be an affirmative defense to any claim under this section . . . that an alleged nonconformity does not substantially impair such use, safety or value . . . ."
The plaintiff argues that "the arbitrators erred in determining that GM failed to comply with § 42-179 because there is not substantial evidence in the record to support a finding that: (1) GM was afforded a reasonable number of repair attempts to correct a paint-related problem under the terms of its warranty; and (2) the paint related problem substantially impaired the use, value or safety of the vehicle to the respondent."
 A
General Statutes § 42-179(e) provides, in relevant part, that: "It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties, if . . . the same nonconformity has been subject to repair four or more times by the manufacturer or its agents or authorized dealers . . . but such nonconformity continues to exist . . . ."
However, General Statutes § 42-179(e) also states: "No claim shall be made under this section unless at least oneattempt to repair a nonconformity has been made by the manufacturer or its agent or an authorized dealer. . . ." (Emphasis provided.)
The statutory language indicates that a claimant need make only one attempt at repairing a manufacturing defect before bringing an action against the manufacturer. Four attempts, however, will result in a presumption that a reasonable number of repair attempts were made.
"§ 42-179(e) . . . [is] couched as a presumption. This court does not read [this] section as foreclosing a plaintiff from proving that some other number of attempts are reasonable under the circumstances. Rather, the specifications of the statute merely provide a formulation that, when met, can eliminate contests over reasonableness of a consumer's attempts to obtain satisfaction through repairs. . . ." (Citation omitted; internal quotation marks omitted.) Saab Cars USA v. Avidan, Superior Court, judicial district of New Haven at New Haven, CT Page 13805 Docket No. 315885, 4 CONN. L. RPTR. 271 (June 25, 1991) (Mulvey, S.T.R.).
In the present case, the defendant afforded the plaintiff "at least one attempt to repair [the] nonconformity." Specifically, the defendant allowed Maritime the opportunity to replace the hood. Therefore, the defendant properly met the statutory prerequisite to bringing an action before the arbitration panel.
The arbitration panel could have found that the defendant's allowance of only one attempt to correct the paint damage was enough. Maritime was not certain what measures would correct the situation and it informed the defendant of all possible measures at the outset, none of which were acceptable to him. In other words, there is substantial evidence on the record to support the arbitration panel's determination that one repair attempt was reasonable under the circumstances.
The court notes that the fact that the defendant would not allow Maritime to adjust the fenders on the truck in order to make the replacement hood fit properly is immaterial. There were other problem areas on the vehicle and adjusting the fenders, in the defendant's mind, would further devalue the vehicle.
 B
GM also argues that the panel's decision should be vacated because its finding that the paint problem substantially impaired the defendant's use, safety or value of his vehicle is not supported by substantial evidence in the record.
"In determining whether [a] finding is supported by substantial evidence, a court must defer to the [factfinder's] assessment of credibility of the witnesses and to the [factfinder's] right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. . . ." (Internal quotation marks omitted.) Mackler v. SaabCars USA, Inc., supra, Superior Court, Docket No. 703040, quotingBriggs v. State Employees Retirement Commission, 210 Conn. 214,217, 554 A.2d 292 (1989). "Substantial evidence may be found to exist `if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred.'" Mackler v.Saab Cars USA, Inc., supra, quoting Briggs v. State EmployeesRetirement Commission, supra, 217. "The fact that the possibility exists that two inconsistent conclusions may be drawn from the evidence does not prevent the [factfinder's findings] from being CT Page 13806 supported by substantial evidence." (Internal quotation marks omitted.) Id., quoting Laufer v. Conservation Commission,24 Conn. App. 708, 716, 592 A.2d 393 (1991).
Connecticut case law does not define "substantially impair" as used in General Statutes § 42-179 et seq. The plaintiff urges this court to apply an objective test, while DCP advocates the application of a subjective standard.
"In determining lack of substantial impairment, a court should take into consideration that while individual defects may not be substantial by themselves, many small defects when viewed together may be quite substantial. It remains to be seen whether substantial impairment will be viewed as something that is subjective to each consumer." (Footnotes omitted.) M. Beattie, "The Connecticut Lemon Law," 5 U. Bridgeport L. Rev. 175, 194 (1983). One commentator has noted that "[s]ubstantiality . . . is a subjective test." R. Billings, Jr., Handling Automobile Warranty and Repossession Cases § 4A.28 (1994).
There is no clear standard for what may be regarded a "substantial impairment." This court, therefore, need not determine whether the arbitration panel applied the correct law. Rather, this court must determine whether the arbitration panel reasonably could have found, based on substantial evidence, that the paint damage on the defendant's vehicle substantially impairs the value of the vehicle.
An expert appointed by the panel, Gregory Carver, testified that, in his opinion: the paint damage was a "minor defect" or a "slight defect"; the condition of the paint could worsen if the truck was not maintained "meticulously"; that body shop paint repairs would corrode faster than a factory paint job; buffing would not correct the paint damage to the defendant's truck; the quality of repairs of both buffing and wet sanding varies; because the entire vehicle would not be repainted, the truck would be left with two finishes; and the extent to which the truck's value would decrease depends on the subjective opinion of the new consumer because there were "too many variables" for Carver to calculate the amount, including the quality of any repair job performed within a warranty budget.
The court need not look any further than the testimony of this expert. In light of Carver's testimony, and the defendant's own subjective opinion as to the depreciated value of the truck, CT Page 13807 this court holds that the finding of the panel (that the defects in the defendant's truck substantially impaired its value) was supported by substantial evidence.
CONCLUSION
Based on the foregoing discussion, the court is not persuaded that the arbitration panel exceeded its statutory powers or misapplied the law. Therefore, the plaintiff's application to vacate the arbitration award is denied.
D'ANDREA, J.