[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE APPLICATION TO CORRECT ARBITRATION AWARD AND FOR ORDER TO SHOW CAUSE
The Applicant BMW of North America, LLC is a motor vehicle manufacturer within the meaning of §§ 42-179 through 42-181 of the Connecticut General Statutes. The Respondent, Susan M. Flechner is a consumer who on or about October 29, 2001, purchased a 2002 BMW. On July 16, 2002, the defendant filed a request for arbitration with the Connecticut Department of Consumer Protection pursuant to the provisions of § 42-181 C.G.S.
The Applicant participated in the arbitration (Case Number 2002-0117) with the Respondent pursuant to the Automobile Dispute Settlement Program.
On or about September 25, 2002, the arbitrators returned an award in favor of the Respondent based on facts determined to be as follows:
. . . The consumer purchased a 2001 BMW X5 from BMW of North Haven, Connecticut. The consumer took delivery of this vehicle on 10-29-2001 . . . The consumer first reported the defect pertaining to electrical concerns to the manufacturer, its agent, or authorized dealer on 11-6-2001 with 766 miles on the vehicle. Subsequent repair attempts for this defect occurred on:
Date Miles Defect
3-1-2002 12,948 electrical concerns
3-26-2002 15,671 "
4-22-2002 18,126 "
5-17-2002 20,528 "
5-28-2002 20,568 " CT Page 3324
The arbitrators found that the vehicle had been subjected to a reasonable number of repairs for a defect that substantially impaired the use, value, or safety of the vehicle to the consumer. They further found that the consumer was entitled to a refund of the contract price, including charges for undercoating, deal preparation and transportation, and dealer installed options. The Arbitrators further found that this amount should be "reduced by an allowance for the consumer's use of the vehicle." The consumer's use of the vehicle was calculated as follows "contract price x (766) miles/120,000." The contract price of the vehicle was determined to be forty-three thousand dollars ($43,000). The allowance was therefore calculated to be two hundred seventy-four dollars and forty-eight cents ($274.48).
The Applicant asserts that the arbitration award is not in conformity with Connecticut law in that it provides for an allowance for the use of the vehicle by the defendant for only seven hundred and sixty-six (766) miles when the defendant had driven the car in excess of twenty-five thousand (25,000) miles.[1] The Applicant further seeks to have said arbitration award corrected pursuant to the provisions of §§ 52-419,52-420 of the Connecticut General Statutes.
A copy of the Application to Correct the Arbitration Award was mailed to the Office of the Attorney General and the State Attorney General has appeared in the instant action and has successfully intervened as a party defendant.
The parties hereto do not dispute the factual findings that form the basis of the arbitration award therefore the issue before this Court is a question of law. The parties to this action dispute the issue as to whether the arbitration panel exceeded the bounds of its legal authority by basing the mileage allowance on the aforementioned seven hundred sixty-six miles (766).
Section 52-419 C.G.S. concerns a modification or correction of an arbitration award. This statute provides that:
(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated, or, when the court is not in session, any judge thereof, shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; CT Page 3325 (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy.
(b) The order shall modify and correct the award, so as to effect the intent thereof and promote justice between the parties.
Section 42-181 (c) (4) concerns appeals of arbitration awards. This statute provides in pertinent part that:
. . . [E]ither party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, when the court is not in session, any judge thereof for an order confirming, vacating, modifying or correcting any award, in accordance with the provisions of this section and sections 52-417, 52-418,52-419 and 52-420. Upon filing such application the moving party shall mail a copy of the application to the Attorney General and, upon entry of any judgment or decree, shall mail a copy of such judgment or decree to the Attorney General. A review of such application shall be confined to the record of the proceedings before the arbitration panel. The court shall conduct a de novo review of the questions of law raised in the application . . .
Once the arbitration panel has determined that there has been a violation of the Connecticut Lemon Law, pursuant to § 42-181 of the Connecticut General Statutes, the panel may order one or more of the following remedies:
(1) Replacement of the vehicle with an identical or comparable new vehicle acceptable to the consumer;
(2) Refund of the full contract price, plus collateral charges as specified in subsection (d) of said section 42-179;
(3) Reimbursement for expenses and compensation for incidental damages as specified in subsection (d) of said section 42-179;
(4) Any other remedies available under the applicable warranties, section 42-179, this section and sections 42-182 to 42-184, inclusive, or the Magnuson-Moss Warranty-Federal Trade Commission Improvement Act,88 Stat. 2183 (1975), 15 U.S.C. § 2301 et seq., as in effect on October 1, 1982, other than repair of the vehicle.
In the instant action the arbitration panel chose the remedy of CT Page 3326 refunding the full contract price pursuant to the provisions of §42-181 (2) C.G.S.
Section 42-179 (d) C.G.S. provides in pertinent part that:
If the manufacturer or its agents or authorized dealers are unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition which substantially impairs the use, safety or value of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall replace the motor vehicle with a new motor vehicle acceptable to the consumer, or accept return of the vehicle from the consumer and refund to the consumer, lessor and lienholder, if any, as their interests may appear, the following: (1) The full contract price, including but not limited to,charges for undercoating, dealer preparation and transportation andinstalled options, (2) all collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges, (3) all finance charges incurred by the consumer after he first reports the nonconformity to the manufacturer, agent or dealer and during any subsequent period when the vehicle is out of service by reason of repair, and (4) all incidental damages as defined in section 42a-2-715,less a reasonable allowance for the consumer's use of the vehicle . . . Areasonable allowance for use shall be that amount obtained by multiplyingthe total contract price of the vehicle by a fraction having as itsdenominator one hundred twenty thousand and having as its numerator thenumber of miles that the vehicle traveled prior to the manufacturer'sacceptance of its return. It shall be an affirmative defense to any claim under this section (1) that an alleged nonconformity does not substantially impair such use, safety or value or (2) that a nonconformity is the result of abuse, neglect or unauthorized modifications or alterations of a motor vehicle by a consumer. (emphasis added)
This matter comes down to the narrow issue as to whether as asserted by the Applicant, the arbitration panel exceeded its statutory authority by making its calculation of the "reasonable allowance for use" by using the mileage on the vehicle at the time that the first electrical problem was reported by the consumer, or as asserted by the Respondents that the arbitration panel did not exceed its statutory authority for reason that the arbitration remedies authorized by § 42-181 (c) are not limited to the remedies set forth in § 42-179.
Where the parties arbitrate pursuant to statute, the statute itself defines the powers of the arbitrators. Any deviation by the arbitrators from the statutory bounds under which they operate would indicate that CT Page 3327 they had "exceeded their powers," a basis for vacating any offending part of the award, under General Statutes 52-418 (a) (4). Carafano v.Bridgeport, 196 Conn. 623, 637, 495 A.2d 1011 (1985). (internal citations omitted)
Chrysler Corporation v. Maiocco, 209 Conn. 579, 591 (1989).
In General Motors Corporation v. Martine, 213 Conn. 136 (1989), our State Supreme Court held that:
. . . [Section] 42-179 (d) directs the arbitrators to deduct from the award a reasonable allowance for the consumer's use of the vehicle, and defines reasonable use according to the mileage driven. Here again, the arbitration panel followed the terms of the statute precisely. Since the statute makes no reference to any other deductions from refund orders, and since the arbitration panel carefully tracked each of the other provisions of the statutory formula, we conclude that the arbitral decision did not exceed the scope of Lemon Law II.
General Motors, Id. at 143.
A review of existing case law in this area indicates that there is currently a split of authority among Judges of the Superior Court as to the issue of whether or not the arbitration panel must strictly follow "reasonable use" provisions of § 42-179 (d) C.G.S.
In SAAB Cars USA v. Avidan, No. 315885 (Jun. 25, 1991, Mulvey, JTR)1991 Ct. Sup. 5440, 4 Conn.L.Rptr. 271, 6 CSCR 672, a Superior Court held that:
Section 42-181 (c) (3) lists, as follows, one of the remedies available to arbitrators: "(3) Reimbursement for expenses and compensation for incidental damages as specified in (3) of section 42-179." Section 42-179
(d) (4), as adopted by 42-181 (c) (3), see General Motors Corporation v.Martine, 213 Conn. 136, 142, Footnote 6, does specify incidental damages and it also specifies that they be net. Section 42-179 (d) (4) reads: "All incidental damages as defined in section 42a-2-715, less a reasonable allowance for the consumer's use of the vehicle . . ." The section then goes on to set up a formula as to how "a reasonable allowance for use" shall be determined. The section and the formula have previously been quoted herein. The teaching of the Supreme Court inGeneral Motors Corporation v. Martine, 213 Conn. 136, 143, leaves no room for this court but to rule that the arbitrators must follow the terms of the formula contained in 42-179 (d). The instant matter must be remanded to the arbitrators for correction. CT Page 3328
SAAB, Id.
However, there are a number of Superior Court cases in which various Superior Court Judges have allowed deviations from the reasonable use language in the statute:
In Mercedes-Benz v. American Ulysis Co., No. CV93 04 31 61 (Jan. 21, 1994, Rush, J.), 11 Conn.L.Rptr. 13, 1994 Ct. Sup. 672 Page 6827, a Superior Court held that:
In General Motors Corp. v. Martine, 213 Conn. 136 (1989), the court upheld an award of the arbitrators which utilized the formula set forth in General Statutes 42-179 (d). In so holding, the court noted that the statute referred to "directs the arbitrators to deduct from the award a reasonable allowance for the consumer's use of the vehicle, and defines reasonable use according to the mileage driven." As noted by the petitioner, at least one court has found that language to require arbitrators to employ the statutory use formula. See Saab Cars U.S.A.,Inc. v. Avidan, 17 CLT 29 (July 22, 1991) (Mulvey, J.). However, the court does not interpret Martine, supra, as holding that arbitrators cannot deviate from the statutory formula and, accordingly, for reasons hereinafter stated the court does not consider the case to be dispositive of the issues here presented.
Mercedes-Benz v. American Ulysis Co., Id.
As a result of the substantial evidence indicating Schenk's inability to use the vehicle, the panel refused to grant Cagiva a reduction in damages for Schenk's travels on the bike.
Cagiva North America v. Schenk, Superior Court, Judicial District of Danbury, No. 32 05 55 (Oct. 10, 1995, Riefberg, J.), 1995 Ct. Sup. 11380, Page 2817, Reversed on other grounds 239 Conn. 1 (1996).
What Mitsubishi's argument amounts to is that the arbitrators cannot give a reasonable use allowance, unless they give one which precisely follows the provisions of section 42-179 (d). That interpretation is rejected, and the court concludes that while the arbitrators could have followed section 42-179 (d), they were not required to make any use allowance, and where they elected to do so, as in this case, they were authorized by section 42-181 (c) to devise their own form of use allowance, provided it was appropriate and reasonable. Mitsubishi's argument overlooks the statement in section 42-181 (c) that the arbitrators' decision shall provide appropriate remedies which are not CT Page 3329 limited to one or more of the specified remedies in that statute. While there are some limits on the authority of the arbitrators, they are given some discretion to create remedies, and the order here can reasonably be considered an "appropriate" remedy within the parameters of the statute.
In General Motors Corporation v. Martine, 213 Conn. 136, 143, the court upheld an arbitrators' award which gave the consumer a refund and allowed the manufacturer a reasonable use allowance using the formula in section 42-179 (d). The court concluded that the reasonable use allowance was within the statutory powers of the arbitrators, but did not hold that the arbitrators had to follow the formula in the statute.
Several cases have held that the arbitrators can order the manufacturer to provide a replacement vehicle without giving it a use allowance.General Motors Corporation v. Prokop, 2 CSCR 150 (1987); General MotorsCorporation v. Prentiss, 2 CSCR 450 (1987); Ford Motor Co. v. Mills,2 CSCR 274 (1987); General Motors Corporation v. Schoonmaker, 2 CSCR 108
(1986).
Mitsubishi Motor Sales of America v. Hunter, No. 307138 (Dec. 27, 1991, Fuller, J.) 1991 Ct. Sup. 10414, 5 Conn.L.Rptr. 398, 7 CSCR 122.
The statute that is at the center of this controversy is the Connecticut "Lemon Law" statute. It is well-settled law that the Lemon Law statute is remedial in nature and therefore it must be interpreted in a broad fashion in favor of the consumer.
We recognize that "the Lemon Law is a remedial statute that ought to be read broadly in favor of those consumers whom the law [was] designed to protect . . ."
General Motors Corporation v. Dohmann, 247 Conn. 274, 291 (1998).
Additionally the law is clear in this state that arbitration panels have very broad discretion in fashioning remedies:
Section 42-181 (c) gives arbitration panels wide-ranging discretion to fashion appropriate remedies. "The expansive nature of this statutory authority for remedial action leaves considerable room for variation in actual practice." "Remedial statutes are to be liberally construed in favor of those whom the legislature intended to benefit . . ." (internal citations omitted.)
Chrysler Corporation v. Maiocco, 209 Conn. 579, 595 (1989). CT Page 3330
Although the provisions of § 42-179 C.G.S. at first blush appear to limit the reasonable use allowance to the stated formula, the provisions of § 42-181 gives the arbitration panel wide-ranging discretion to fashion appropriate remedies.
It is settled that statutes must be construed consistently with other relevant statutes because the legislature is presumed to have created a coherent body of law. In re Valerie D., 223 Conn. 492, 524, 613 A.2d 748
(1992).
Petco Insulation Co. v. Crystal, 231 Conn. 315, 323 (1994)
There appears to be somewhat of an incongruity between the aforementioned statutes. If these provisions are inconsistent with one another, then the Court must construe the subject sections in a manner so that, if possible, the intent of both will be carried out.
While it is true that apparently repugnant statutes are to be construed, if reasonably possible, so that both are operative; DanburyRubber Co. v. Local 402, 45 Conn. 53, 57, 138 A.2d 783; statutes must be construed primarily to carry out the expressed intent of the legislature. Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41, 46,301 A.2d 244; Sloane v. Waterbury, 150 Conn. 24, 29, 183 A.2d 839.
Edmundson v. Rivera, 169 Conn. 630, 634 (1975).
Treating the reasonable use formula as being directory instead of mandatory will have this effect.
Any ambiguity over whether a particular provision is mandatory or directory may be resolved by examining the statute's language, its legislative history and the statutory context. Doe v. Statewide GrievanceCommittee, 41 Conn. App. 671, 676, 677 A.2d 960 (1996), rev'd on other grounds, 240 Conn. 671, 694 A.2d 1218 (1997).
Grasso v. Zoning Board of Appeals, 69 Conn. App. 230, 238 (2002).
In examining the Lemon Laws' statutory scheme in its totality, this Court comes to the conclusion that to limit the arbitrators' power as suggested by the Applicant would be to frustrate the purposes of the subject legislation. This Court therefore agrees with the majority of Superior Court cases that hold that due to the wide-ranging discretion of the arbitration panel to fashion remedies said panel may fashion remedies that affect the calculation of the reasonable use allowance. CT Page 3331
In the instant matter the arbitration panel determined that the vehicle in question was seriously defective as of November 6, 2001. At that date and time the subject vehicle had seven hundred and sixty-six miles (766) miles on it. The remedy of limiting the reasonable use reduction to the miles driven as of that date and time is within the wide-ranging discretion of the panel pursuant to the provisions of § 42-181
C.G.S. to fashion an appropriate remedy.
For the foregoing reasons, the Application to Correct the Arbitration Award is denied.
 Richard Allan Robinson, J. March 5, 2003