DONALD R. LAUFER *v.* CONSERVATION COMMISSION OF THE TOWN OF FAIRFIELD ET AL.
(9456)

SPALLONE, LANDAU and HEIMAN, Js.

Argued March 18—decision released June 4, 1991

*Ronald J. Pacacha,* with whom, on the brief, were *John F. Fallon, Jay S. Kogan* and *Wayne Pestone,* for the appellant (plaintiff).

*Donal C. Collimore,* assistant town attorney, for the appellees (named defendant et al.).

*Kimberly P. Massicotte,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Joseph Rubin* and *Robert B. Teitelman,* assistant attorneys general, for the appellee (defendant commissioner of environmental protection).

HEIMAN, J. The plaintiff appeals from the judgment of the trial court dismissing his appeal from the action of the defendant Fairfield conservation commission[1] denying his application for permission to construct a stream crossing within a wetland and watercourse area. We affirm the judgment of the trial court.

The plaintiff claims that the judgment is fatally flawed because the trial court failed to find (1) that the

---

[1] The defendants are the town of Fairfield conservation commission, Evelyn Hiller, clerk of the town of Fairfield, and the state commissioner of environmental protection.

commission abused its discretion when it failed to apply its own standards in denying the plaintiff's application, (2) that the denial of the plaintiff's application was clearly erroneous in light of the substantial evidence supporting the application that was not rebutted by equally competent and countervailing authorities, and (3) that the commission's denial of the application resulted in a confiscation of the plaintiff's property without just compensation. We disagree.

The facts necessary for the resolution of this appeal may be briefly summarized as follows. The plaintiff is the owner of a parcel of land known as lot five in an existing subdivision. He had previously received permits from the commission to construct houses on lots three, four and five of the subdivision. The plaintiff desires to resubdivide lot five into two separate parcels and to build a second house on one of the parcels. In order to ensure access to the proposed second house, the plaintiff filed the permit application at issue, seeking the commission's permission to cross a stream. The plaintiff sought permission to install two eight foot by four foot box culverts to create a driveway crossing the stream.

The commission held a public hearing on the plaintiff's application in which it heard evidence and received exhibits from both the proponent and opponents of the application. The commission also received a recommendation from the staff of the Fairfield inland wetlands agency at this hearing.

On March 13, 1989, the commission denied the plaintiff's application with prejudice, finding (1) "that the stream crossing does not appear necessary, as upland access from the existing Mulberry Hill Road turnaround appears to be feasible and prudent," and (2) "that the stream crossing will have adverse effects on the watercourse."

The plaintiff, pursuant to General Statutes § 22a-43,[2] appealed to the Superior Court, and, on May 25, 1990, the court rendered judgment dismissing the appeal.

## I

Although the plaintiff separates his claim that the trial court failed to find that the commission abused its discretion from his claim that the court failed to find that the denial of the permit was not supported by substantial evidence, we have consolidated them for purposes of this appeal because they are both fact bound issues.

## A

The plaintiff's claim that the commission failed to adhere to its own standards is grounded on the fact that the staff of the Fairfield inland wetlands agency made a recommendation to the commission that the application be conditionally approved. The plaintiff reasons that because the commission did not adopt the recommendation of the agency's staff, we must con-

---

[2] General Statutes § 22a-43 (a) provides: "The commissioner or any person aggrieved by any regulation, order, decision or action made pursuant to sections 22a-36 to 22a-45, inclusive, by the commissioner, district or municipality or any person owning or occupying land which abuts any portion of land or is within a radius of ninety feet of the wetland or watercourse involved in any regulation, order, decision or action made pursuant to said sections may appeal to the superior court in accordance with the provisions of section 4-183, except venue shall be in the judicial district where the land affected is located, and if located in more than one judicial district to the court in any such judicial district. Such appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court. Notice of such appeal shall be served upon the inland wetlands agency and the commissioner. The commissioner may appear as a party to any action brought by any other person within thirty days from the date such appeal is returned to the court. The appeal shall state the reasons upon which it is predicated and shall not stay proceedings on the regulation, order, decision or action, but the court may, on application and after notice grant a restraining order. Such appeal shall have precedence in the order of trial."

clude that the commission failed to apply its own standards and, thus, abused its discretion. We do not agree with either the plaintiff's basic premise or his conclusion.

The plaintiff has not pointed us to any Connecticut case to support his thesis that the failure of the defendant commission to adopt the staff's recommendation constitutes a failure to adhere to its own standards, nor has our independent research disclosed such a case.

General Statutes § 22a-42 (c)[3] expressly requires each municipality either to establish an inland wetlands agency or to authorize an existing board or commission to carry out the public policy of regulating activities affecting wetlands and watercourses. General Statutes § 22a-42a (c)[4] provides that no regulated activity shall be conducted upon any inland wetland and watercourse without a permit, and further requires that the person proposing to conduct such an activity file an application for such a permit. Finally, General Statutes § 22a-42a (d)[5] provides that in granting, denying

---

[3] General Statutes § 22a-42 (c) provides in pertinent part: "On or before July 1, 1988, each municipality shall establish an inland wetlands agency or authorize an existing board or commission to carry out the provisions of sections 22a-36 to 22a-45, inclusive. Each municipality, acting through its legislative body, may authorize any board or commission, as may be by law authorized to act, or may establish a new board or commission to promulgate such regulations, in conformity with the regulations adopted by the commissioner pursuant to section 22a-39, as are necessary to protect the wetlands and watercourses within its territorial limits."

[4] General Statutes § 22a-42a (c) provides in pertinent part: "On and after the effective date of the municipal regulations promulgated pursuant to subsection (b) of this section, no regulated activity shall be conducted upon any inland wetland and watercourse without a permit. Any person proposing to conduct or cause to be conducted a regulated activity upon an inland wetland and watercourse shall file an application with the inland wetlands agency of the town or towns wherein the wetland in question is located."

[5] General Statutes § 22a-42a (d) provides in pertinent part: "In granting, denying or limiting any permit for a regulated activity the inland wetlands agency shall consider the factors set forth in section 22a-41, and such

or limiting any permit for a regulated activity the inland wetlands agency shall consider the factors set forth in General Statutes § 22a-41.[6]

It is quite apparent that the statutory scheme for the resolution of permit applications envisions that the authorized agency shall be the decision maker. While the agency may seek advice and assistance from a professional staff, it is the agency itself that must find the facts and apply the statutory criteria to those facts. See *Connecticut Natural Gas Corporation* v. *Public Utilities Control Authority*, 183 Conn. 128, 136–37, 439 A.2d 282 (1981).

It is well settled that issues of credibility of witnesses and determinations of issues of fact are matters within the exclusive province of the administrative agency.

agency shall state upon the record the reason for its decision. In granting a permit the inland wetlands agency may grant the application as filed or grant it upon such terms, conditions, limitations or modifications of the regulated activity, designed to carry out the policy of sections 22a-36 to 22a-45, inclusive."

[6] General Statutes § 22a-41 provides: "FACTORS FOR CONSIDERATION OF COMMISSIONER. FINDING OF NO FEASIBLE OR PRUDENT ALTERNATIVE. (a) In carrying out the purposes and policies of sections 22a-36 to 22a-45, inclusive, including matters relating to regulating, licensing and enforcing of the provisions thereof, the commissioner shall take into consideration all relevant facts and circumstances, including but not limited to:

"(1) The environmental impact of the proposed action;

"(2) The alternatives to the proposed action;

"(3) The relationship between short-term uses of the environment and the maintenance and enhancement of long-term productivity;

"(4) Irreversible and irretrievable commitments of resources which would be involved in the proposed activity;

"(5) The character and degree of injury to, or interference with, safety, health or the reasonable use of property which is caused or threatened; and

"(6) The suitability or unsuitability of such activity to the area for which it is proposed.

"(b) In the case of an application which received a public hearing, a permit shall not be issued unless the commissioner finds that a feasible and prudent alternative does not exist. In making his finding the commissioner shall consider the facts and circumstances set forth in subsection (a). The finding and the reasons therefor shall be stated on the record."

*Jaffe* v. *State Department of Health,* 135 Conn. 339, 343, 64 A.2d 330 (1949); *Altholtz* v. *Dental Commission,* 4 Conn. App. 307, 310, 493 A.2d 917 (1985). To adopt the plaintiff's argument would negate these long-standing rules of administrative procedure, and would constitute an unlawful delegation of powers. See generally *New Milford* v. *SCA Services of Connecticut, Inc.,* 174 Conn. 146, 148–49, 384 A.2d 337 (1977). We conclude, therefore, that the plaintiff's first claim is without merit.

B

The plaintiff next attacks the factual underpinnings of the trial court's decision by claiming that the trial court incorrectly failed to find that the agency's denial was clearly erroneous. The plaintiff posits that the evidence that was presented to the agency was not rebutted by equally competent and countervailing authorities. We do not agree.

After a full evidentiary hearing, the commission concluded that the application should be denied. It found that a stream crossing "does not appear necessary, as [the] upland access from the existing Mulberry Hill Road turnaround appears to be feasible and prudent." It also concluded that the stream crossing "will have adverse effects on the watercourse," with the short term construction impact being significant siltation, and the long term adverse impact involving road sands and salts degrading the wetlands and watercourses. The commission thus concluded, on the basis of the evidence that was before it, that "[s]ignificant, adverse and unnecessary effects are anticipated on the regulated area as a consequence of this proposal."

The basis on which the defendant commission denied the permit is clearly set forth in its decision. Where the record discloses evidence that supports any one of

the reasons given, the decision of the agency must be upheld. *Huck* v. *Inland Wetlands & Watercourses Agency,* 203 Conn. 525, 539–40, 525 A.2d 940 (1987). It is the burden of the plaintiff challenging the administrative action to establish that the record does not support the action of the agency. *Red Hill Coalition, Inc.* v. *Conservation Commission,* 212 Conn. 710, 718, 563 A.2d 1339 (1989).

As noted above, in reviewing decisions by a wetlands agency the evidence supporting the reason given by the agency for its action must be substantial. " ' " '[T]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency.' " ' " *Huck* v. *Inland Wetlands & Watercourses Agency,* supra, 540–41. " This so-called substantial evidence rule is similar to the "sufficiency of the evidence" standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords "a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.". . . "The 'substantial evidence' rule is a compromise between opposing theories of broad or de novo review and restricted review or complete abstention. It is broad enough and capable of sufficient flexibility in its application to enable the reviewing court to correct whatever ascertainable abuses may arise in administrative adjudication. On the other hand, it is review of such breadth as is entirely consistent with effective administration. . . . [It] imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of 'weight of the evidence' or 'clearly erroneous' action. . . .' " ' " Id., 541.

The fact that the possibility exists that two inconsistent conclusions may be drawn from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. *Consolo v. Federal Maritime Commission,* 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966); *Huck v. Inland Wetlands & Watercourses Agency,* supra.

An administrative agency is not required to believe any witness, even an expert, nor is it required to use any of the evidence presented to it in a particular manner. *Manor Development Corporation v. Conservation Commission,* 180 Conn. 692, 697, 433 A.2d 999 (1980).

Applying these standards to the trial court's decision in this case, we conclude that the trial court correctly found the decision of the commission to have been supported by substantial evidence.

## II

Finally, the plaintiff asserts that the trial court improperly concluded that the commission's action did not constitute an unconstitutional taking of property without just compensation. We disagree.

Although both the fifth amendment to the constitution of the United States and article first, § 11, of the constitution of Connecticut require the payment of just compensation for the taking of private property for public use, neither has ever been interpreted so as to deny the state the power to regulate the uses to which an owner may devote his property. *Figarsky v. Historic District Commission,* 171 Conn. 198, 206, 368 A.2d 163 (1976).

On the basis of the evidence before it, the commission concluded that there was upland access to the property without the use of a stream crossing. The trial court concluded that the record contained substantial

evidence to support that finding. Thus, no evidence exists to support the claim that the action of the commission constitutes a deprivation of the reasonable use of the plaintiff's property. See *Brecciaroli* v. *Commissioner of Environmental Protection*, 168 Conn. 349, 357, 362 A.2d 948 (1975). " 'Until it appears that the plaintiff has been finally deprived by the commission of the reasonable and proper use of the property, it cannot be said that there has been an unconstitutional taking of property without just compensation.' " *Manor Development Corporation* v. *Conservation Commission*, supra, 695.

At oral argument, the plaintiff conceded that the present application for a permit to install two eight foot by four foot box culverts to create a driveway crossing of the stream was the only permit application that had been filed relating to a resubdivided lot five. The trial court found that the plaintiff had failed to demonstrate the requisite finality to support his claim of an unconstitutional taking without just compensation. We agree with the trial court.

"We cannot know whether the board would also have rejected a more modest plan. Although we do not believe 'that repeated applications and denials are necessary to pinpoint' the board's position . . . nor that a property owner must 'take patently fruitless measures'. . . in most cases, a property owner must do more than submit one plan to an agency in order to establish that the agency's decision is 'final' for the purposes of the taking clause." (Citations omitted.) *Port Clinton Associates* v. *Board of Selectmen*, 217 Conn. 588, 607, 587 A.2d 126 (1991).

In light of the finding that other, less intrusive means are available for access to the property, and the plaintiff's failure to demonstrate that a less grandiose or

less ambitious plan would "receive similarly unfavorable reviews"; id., 608; we hold that the trial court correctly found that the plaintiff had failed to demonstrate the necessary finality of the commission's action.

The judgment is affirmed.

In this opinion the other judges concurred.