[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an administrative appeal brought pursuant to C.G.S. §§ 4-183, 7-471 and 31-109. The appeal is from the Connecticut State Board of Labor Relations (hereinafter "Board") decision number 3127, issued July 20, 1993. The Board's decision resolved case number MPP-14,025 which involved Bridgeport Police Local 1159, Council 15, AFSCME, AFL-CIO (hereinafter "Union") and the City of Bridgeport (hereinafter "City").
The Union represents uniformed and investigating employees of the City of Bridgeport police department. The City is an employer pursuant to the Connecticut Municipal Employee Relations Act (MERA) C.G.S. §§ 7-468 et seq. The City and Union are parties to a collective bargaining agreement entered pursuant to MERA, which incorporates two pension agreements.
The Union and City are m dispute as to the application of disability pensions, specifically the amount or percentage of pay awarded disabled City police officers. The Union has concerns over the City's exercise of discretion in its award of percentages of pay as pensions to disabled City police officers. Disabled retired officers were in some cases awarded 66 2/3% of salary as a pension while other disabled retired officers were awarded 60% pensions.
The underlying Board case involved the Unions' efforts to obtain information about the disability retirements for the purpose of evaluating the exercise of discretion in awarding various percentages of disability pensions. CT Page 43
The City and Union were unable to resolve the disclosure of disability pension information. The Union complained to the Board that the City had engaged in practices prohibited by C.G.S. § 470 et seq. (MERA). The Board, after evidentiary hearing and legal argument, issued the decision which is the subject of this appeal.
The Board's decision essentially found that the City had violated the MERA and ordered that the City
 "Cease and desist from failing to supply the following information linked to the individual, unnamed pensioners who were awarded disability pensions that were not based on a psychiatrist's diagnosis and documentation, the percentage disability rating, nature of disability, percentage of pay awarded, and years of service."
The City makes three arguments on its appeal, claiming that the Union failed to demonstrate that the information sought was relevant to the Union's duties as exclusive bargaining representative. The City also argues that the disclosure would violate third-party privacy rights. Finally, on appeal the City claims that the disclosure of medical information is prohibited by the Americans with Disabilities Act. (ADA) 42 U.S.C. § 12101.
STANDARD OF REVIEW
The role of the reviewing court on appeal is to examine the record to determine whether the findings were supported by substantial evidence. City of Norwich v. Norwich FireFighter, 173 Conn. 210, 214 (1977). C.G.S. § 31-109 (b). If the findings are supported by substantial evidence, they cannot be disturbed. L. Suzio Construction v. ConnecticutState Board of Labor Relations, 148 Conn. 135, 138 (1961);Laufer v. Conservation Commission, 24 Conn. App. 708
(1991). C.G.S. § 4-183. Great weight is to be given to the construction given to the statute by the agency charged with administering it. Board of Education v. Connecticut StateBoard of Labor Relations, 190 Conn. 235, 241 (1983). Indeed, courts have traditionally granted labor boards a very large degree of discretion. Connecticut State Board of LaborRelations v. Board of Education, 177 Conn. 68, at 74 (1979).
The duty to bargain in good faith includes the employer's duty to provide relevant information to the Union in order for the Union to perform its duties as exclusive bargaining CT Page 44 representative. NLRB v. Acme Industrial Co., 358 U.S. 432,435-36 (1967); Detroit Edison Co. v. NLRB,440 U.S. 301, 303 (1979) and CSBLR v. Bd. of Ed. of Town of WestHartford, 190 Conn. 235, 241 (1983).
In the West Hartford case our Supreme Court discussed this issue at length holding at 190 Conn. 242:
 "That obligation extends beyond the period of contractual negotiations to the union's need for information while administering and policing the contract. . . Whether information is relevant to the representative's duties during this time period depends upon the factual circumstances of each case. . . .
 The determination of whether information is relevant is not a decision on the merits of the contractual grievance. . .It is analogous to a discovery examination where the matters in dispute between the parties are not as well determined as at trial and where courts therefore follow a more liberal relevancy standard . . . An employer, then, must furnish information to the union even when it appears that the grievance filed is without merit provided it is probably relevant to the grievance and would be of use to the union in fulfilling its statutory duties . . . Deciding whether there is a probability that the desired information is relevant is a function best performed by the labor board."
The labor board's conclusion on relevancy is a finding of fact and is thus conclusive if supported by substantial evidence.San Diego Newspaper Guild v. NLRB, 548 F.2d 863, 869
(9th Cir. 1977); CSBLR v. Bd of Ed West Hartford, supra at 243.
The evidence in the record establishes an arbitration held in obeyance while it is determined whether the Union can obtain information regarding the disability pensions. The record also establishes disparate disability pension percentages. Unquestionably this information is relevant.
The City alternatively argues that if the information is relevant it should not be disclosed because of privacy interests of third parties. The leading cases Detroit Edison,
supra and CSBLR v. Bd of Ed Town of West Hartford
recognize that serious privacy considerations can negate a Union's right to information. CT Page 45
The privacy interest claimed to be at issue here are the interests of former City police officers collecting disability pensions from the City in the confidentiality of their medical records.
The disclosure ordered by the Board eliminates any serious privacy considerations. What is to be disclosed is a statistical work sheet revealing for some nineteen disability retirees (1) percentage disability rating (2) nature of disability (3) percentage of pay awarded and (4) years of service. Each disclosure is also made only as to disability pensions not based on a psychiatrist's diagnosis and documentations. The individual retirees are not identified in any direct way. There further appears a sufficient number to limit the possibility of identification indirectly.
The authority cited by the City for a constitutional claim of privacy are clearly distinguishable from the instant case on their facts. In fact, Whalen v. Rae, 429 U.S. 589
(1977) and Mangels v. Pena, 789 F.2d 836 (10th Cir. 1986) are entirely consistent with the spirit of the Board decision.
The Perkins v. Freedom of Information Commission,228 Conn. 158 (1993) decision addresses the invasion of personal privacy issue. Our state through the Perkins decision adopts the 3rd Restatement of Torts standard for invasion of personal privacy. This standard requires that the public disclosure "(a) would be highly offensive to a reasonable person, and (b) not of a legitimate concern to the public".
The limited disclosure of information relating to unnamed retired police officers relating to their disability pension does not come close to satisfying either prong of the standard.
The City's argument that C.G.S § 31-128f precludes such disclosure without the individual employees consent; fails in that the statute does not apply to public employees, see §31-128a(2).
The City's final argument claims that the Americans with Disabilities Act precludes disclosure by an employer of any medical information.
The court finds that the limited dissemination of medical CT Page 46 information concerning the disabilitie [disability] ratings and nature of disability of retired former employees is not precluded by the A.D.A.
The purpose of the confidentiality requirement of the A.D.A.42 U.S.C. § 12112(d)(4)(10), 29 C.F.R. § 1630.14(c) is to avoid stigmatizing disabled persons and thus limiting their employment opportunities.
The limited disclosure at issue here would in no way serve to stigmatize or limit employment opportunities of unnamed retirees.
Rights are rarely absolute in nature and the confidentiality rights of employees created by the A.D.A. are not sacrosanct or necessarily controlling over the potentially conflicting rights of others.
The balancing of the Union's rights versus the individual privacy rights under the A.D.A. should be controlled by the standards recognized in Detroit Edison v. NLRB, supra and CSBLR v. Bd of Ed Town of West Hartford, supra.
In this case the City's argument fails to raise a sufficient privacy interest which would require the court to impose a balancing test. The individual privacy rights of the disability retirees is essentially unaffected by the Board decision.
McWeeny, J.