[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Quantech Research Group, Inc. and Mark T. Minervini (appellants), have appealed from a decision of the Stat Banking Commissioner (appellee) denying them status as an investment adviser and investment adviser agent respectively. In addition, they are appealing from an order for them to cease and desist from acting as such.
This matter arose out of an investigation by the Securities and Investment Division of the Department of Banking into the activities of the appellants Quantech and its president Minervini. The investigation resulted in a Notice of Intent to deny registration to both parties along with an Order to Cease and Desist and Notice of the Right to a Hearing. A hearing was held which resulted in orders being entered denying them registration and also to cease and desist from the activities they were engaged in. From these orders the appellants have taken this appeal.
Section 36b-30 of the Conn. General Statutes allows anyone aggrieved by a final decision of the Commissioner to take an appeal to the Superior Court in accordance with the provisions of § 4-183 of the General Statutes.
Section 4-183 (i) and (j) of the General Statutes reads as follows:
"(I) The appeal shall be conducted by the CT Page 8294 Court without a jury and shall be confined to the record. . . . . . ."
Section 4-183j goes on to read:
 "(J) The court shall not substitute its judgment for that of the agency as to the weight of the evidence or questions of fact. The Court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are; (1) In violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.. . . . ." (Emphasis added)
The appellant bases his appeal on 4-183 (j)(5) and (6) supra.
In Huck v. Inland Wetlands Watercourse Agency, 203 Conn. 525,539-541 the court held that, "the agency's decision must be sustained if an examination of the record discloses evidence that supports any one of the reasons given. . . . . The evidence, however, to support any such reason must be substantial. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . . This so called substantial evidence rule is similar to the "sufficiency of the evidence" standard applied to judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . It imposes an important limitation on the power of the court to overturn a decision of an administrative agency . . . . and to provide a more restrictive standard of review than standards embodying review of "weight of the evidence" or "clearly erroneous" action. . . ." (Internal citations omitted). CT Page 8295
"An administrative finding is supported by 'substantial evidence' if the record affords a `substantial basis of fact from which the fact in issue can be reasonably inferred'. Such a standard of review allows less room for judicial scrutiny than the `weight of the evidence' rule or the `clearly erroneous' rule." Briggs v. State Employees Restaurant Commission, 210 Conn. 214,217.
The burden of proof rests upon the appellants herein to establish that the record does not support the action of the agency (appellee). Lanfor v. Conservation Commission, 24 Conn. App. 708,715.
The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. Lanfor v. Conservation Commission, supra, 715; Hack v.Inland Wetlands and Watercourse Agency, supra, 540-41.
The actions of the banking commissioner must be supported by the record which record should reveal that his actions were supported by reliable, probative, and substantial evidence and the conclusions derived from such substantially supported facts are reasonable. Vicino v. Zoning Board of Appeals, 28 Conn. App. 500,505.
An "investment adviser" and "investment adviser agent" as defined by Section 36b-3 (6) and (7) of the Connecticut General Statutes as:
 "(6) . . . any person who, for compensation engages in the business of advising others, either directly or through publications or writings as to the value of securities or as to the advisability of investing in, purchasing or selling securities or who, for compensation and as a part of a regular business, issues or promulgates analyses or reports concerning securities. . . . ."
 (7) "Investment adviser agent includes any individual, other than an investment advises, or a sole proprietor of an investment adviser, employed appointed or authorized by an investment adviser to solicit business from any person for such investment adviser CT Page 8296 within or from this state, and who receives compensation or other renumeration, directly or indirectly, for such solicitation."
Section 36b-6 (c) directs that:
 "(c) No person shall transact business as an investment adviser within this state unless registered by the Commissioner as provided in Sections 36b-2 to 36b-33, inclusive. No individual shall transact business as an investment adviser agent within or from this state unless he is registered as an investment adviser agent of the investment adviser for whom he is transacting such business. . . . . . ."
Section 36b-15 (a) of the General Statutes provides that:
 "(a) The Commissioner may by order deny, any registration . . . . . . if he finds (1) that the order is in the public interest and (2) that the applicant or registrant. . . . (J) is not qualified on the basis of such factors as training experience, and knowledge of the securities business except as otherwise provided in subsection(b) of this section. . . .".
Subsection (b)(3) of said section provides that:
 "(b)(3) the Commission may not enter an order solely on the basis of lack of experience if the applicant or registrant is qualified by training or knowledge or both. . . ."
In furthering the activities of the Banking Department they have adopted certain regulations among them Section 36-500-6(a)(2).
 "Each applicant for registration as an investment adviser shall (A) have been engaged in the securities business as a . . . . investment adviser or investment adviser agent spending a major portion of his or her CT Page 8297 working time in the securities business for a period of at least three years within the seven calendar years next preceding the date of the application or (B) be otherwise qualified by knowledge and experience as determined by the commissioner . . . Any . . . person who can demonstrate equivalent knowledge and experience in the. . . . rendering of advice about the purchase or sale of securities may be deemed to have sufficient experience for purposes of this decision . . ."
The appellant Minervini is the only active officer of the appellant Quantech, thus his qualifications are the sole issue in determining whether both he and Quantech are entitled to be registered as investment adviser and investment adviser agent in the State of Connecticut.
The appellants acknowledge that Minervini has no formal education and that he does not meet the requirement that the applicant have worked somewhere in the securities business for a period of 3 out of the 7 years preceding the application. The dispute arises out of the Commissioner s finding that the appellants failed to demonstrate that they possessed "equivalent knowledge and experience in the sale of securities and the rendering of advice about the purchase and sale of securities.
The remaining question then is for the Court to determine whether the Commissioner's finding that the appellant Minervini lacked equivalent knowledge and experience is supported by substantial evidence.
Mr. Minervini has no formal education and has not been employed by a firm in the securities business. There is no evidence that he has taken any professional examination or an examination by any self-regulating agency nor has he received any professional designation. His relationship with the William O'Neil and Company is somewhat ambiguous. The record discloses that he dealt with a representative of the company, who was prospecting him for business and that that relationship ended when he was not willing to pay for their services. In addition, the had a business relationship with that representative, who, planning to go into business with him, supplied him with research materials without the knowledge of William O'Neil and Company. CT Page 8298
His knowledge is based on his own self-studying and his receipt of information from a reputable investment adviser without paying for same. The appellants are asking that they be granted regulation without any objective criteria showing that he possesses the requisite knowledge and experience to act in such a capacity. They are asking that they be allowed to have discretion over the investment of peoples funds. In the licensing of most professionals entrusted with such a heavy responsibility, regardless of whether they are knowledgeable or self-taught, they are required to complete certain educational requirements as well as undergoing intensive written examination. An accountant, a medical doctor or a lawyer are professions that immediately come to mind which require such educational and examination requirements.
It is the opinion of the Court that there is substantial evidence in the record to sustain the position of the Commissioner. His decision in view of the reliable probative and substantial evidence of the whole record is not clearly erroneous nor are his actions arbitrary or capricious or an abuse of discretion nor are they a clearly unwarranted exercise of discretion.
The appeal is hereby denied.
THE COURT
CURRAN, J.