[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S AMENDEDAPPLICATION TO VACATE ARBITRATION AWARD
On May 22, 1997, plaintiff General Motors Corporation ("GM"), filed an amended application to vacate an arbitration award rendered in favor of the defendant, Kevin M. Martin, pursuant to General Statutes § 42-179 et seq., the "Lemon Law" statutes. On May 19, 1997, the Department of Consumer Protection ("the department") was granted permission to intervene in the proceedings as a party defendant.
The record indicates that on July 16, 1995, Martin purchased a 1995 Pontiac Grand Am Sedan from Mitchell Pontiac Volkswagen, LLC ("Mitchell"), with approximately 105 miles on the odometer. Martin thereafter brought the vehicle to the dealership for service on ten occasions from July 21, 1996 until December 27, 1996, complaining of problems with the vehicle's operation.[1]
Dissatisfied with the attempted repairs, Martin filed a request for arbitration on November 1, 1996.
On March 19, 1997, an arbitration proceeding was held pursuant to General Statutes § 42-181 before a panel of three arbitrators. At the conclusion of the hearing, two of the three arbitrators issued a decision in favor of Martin, finding that on July 21, 1996, July 29, 1996, August 23, 1996 and October 4, 1996, the vehicle was brought to Mitchell for brake-related problems. The panel found that the vehicle had been subject to a reasonable number of repair attempts for a defect which substantially impaired the use, value or safety of the vehicle for the consumer. The panel further concluded that the vehicle still exhibited an intermittent brake problem, namely, a burning odor which was part of the original complaint.[2] Accordingly, the panel ordered that Martin receive a replacement vehicle equipped with the same options as his current vehicle. CT Page 13956
Pursuant to its amended application to vacate, GM seeks to vacate, modify or correct the arbitrator's award pursuant to General Statutes §§ 42-481[3], 52-418[4], 52-419[5], and52-420[6] on the grounds that the record lacks substantial evidence to support a finding that: "(1) the defendant's vehicle has an intermittent brake problem which continues to exist; and (2) that problem substantially impaired the use, value or safety of the vehicle to the defendant." (Amended Application to Vacate Arbitration Award dated May 22, 1997, p. 2.)
On June 6, 1997, the department filed a memorandum in opposition. On June 24, 1996, GM filed a reply memorandum. On July 8, 1997, both the department and GM filed supplemental briefs in response to this court's request that the parties address the following two issues: 1. Whether the "Lemon Law" statute requires that a consumer prove that his or her vehicle has a currently existing defect? and (2) Whether there is substantial evidence in the record linking the intermittent burning odor defendant claims to have detected with the existence of a brake defect?[7]
The court has now reviewed the parties' memoranda and the transcript of the March 19, 1997 arbitration hearing. For the reasons set forth below, the amended application to vacate is denied.
I. Scope of Review.
The standard of review is set forth in General Statutes §42-181 (c), which provides: "A review of such application shall be confined to the record of the proceedings before the arbitration panel. The court shall conduct a de novo review of the questions of law raised in the application. . . . In reviewing questions of fact, the court shall uphold the award unless it determines that the factual findings of the arbitrators are not supported by substantial evidence in the record and that the substantial rights of the moving party have been prejudiced. If the arbitrators fail to state findings or reasons for the award, or the stated findings or reasons are inadequate, the court shall search the record to determine whether a basis exists to uphold the award." General Statutes § 42-181 (c)(4). As the department notes, a reviewing court must find that a factual finding is supported by substantial evidence if the record CT Page 13957 contains "a substantial basis of fact from which the fact in issue can be reasonably inferred." Connecticut Light Power Co.v. DPUC, 216 Conn. 627, 639-40 (1990); Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 541 (1987); Lawrence v.Kozlowski, 171 Conn. 705, 708 (1976), cert. denied, 431 U.S. 969,97 S.Ct. 2930 (1977). This standard "allows less room for judicial scrutiny than does the `weight of the evidence' rule or the `clearly erroneous' rule." Connecticut Light Power,216 Conn. at 640; Briggs v. State Employees Retirement Commission,210 Conn. 214, 217 (1989). As the department also notes, a reviewing court "must defer to the agency's assessment of the credibility of the witnesses and to its right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part." Connecticut Light Power Co.,216 Conn. at 640; Huck, 203 Conn. at 540-541; Madrid Corp. v. InlandWetlands Agency, 25 Conn. App. 446, 451 (1991).
II. Discussion of the Lemon Law.
Our Supreme Court has noted the following with respect to the "Lemon Law": "The Lemon Law is a remedial statute that protects purchasers of new passenger motor vehicles. It was designed to compel manufacturers of passenger motor vehicles to fulfill all express warranties made to consumers, and to facilitate a consumer's recovery against the manufacturer of a defective vehicle should a dispute arise." Cagiva North America Inc. v. Schenk,239 Conn. 1, 6, 680 A.2d 964 (1996). See also Chrysler Corporation v.Maiocco, 209 Conn. 579 (1989).
The Lemon Law directs that "[i]f a new motor vehicle does not conform to all applicable express warranties, and the consumer reports the nonconformity to the manufacturer . . . the manufacturer . . . shall make such repairs as are necessary to conform the vehicle to such express warranties." General Statutes § 42-179 (b). "If the manufacturer . . . [is] unable to conform the motor vehicle to any applicable express warranty by repairing or correcting any defect or condition . . . after a reasonable number of attempts, the manufacturer shall replace the motor vehicle with a new motor vehicle acceptable to the consumer. . . ." General 42-179 (d). "It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties, if (1) the same nonconformity has been subject to repair four or more times CT Page 13958 by the manufacturer . . . but such nonconformity continues to exist. . . ." General 2-179 (e).
III. Plaintiff's Arguments
A. Is there substantial evidence in the record to support the finding that the vehicle had an existing brake problem?
GM contends that the panel exceeded its statutory authority by concluding that the vehicle had a defect which continues to exist as required by General Statutes § 42-179. GM argues that Martin did not provide the panel with any expert testimony to support his claim that the vehicle has an existing brake problem, and that the panel ignored contrary expert testimony.[8]
While acknowledging that expert testimony may in some cases be useful, the court disagrees with GM's argument that expert testimony is required to support a consumer's claim at an arbitration proceeding. As a general matter, it is for the arbitration panel to evaluate the testimony of all witnesses, including experts. Briggs v. State Employees RetirementCommission, 210 Conn. 214, 217, 554 A.2d 292 (1989). The majority on the panel heard the testimony of GM's expert and chose nevertheless to rule as it did. GM has failed to provide any persuasive authority for the proposition that expert testimony is required.
More to the point, the "Lemon Law" itself includes no requirement whatever that expert testimony must be provided by any party. As a practical matter, many consumers have neither the time, the resources nor the wherewithal to hire and pay an expert to evaluate a mechanical problem and then testify in support of their claim. The court declines plaintiff's invitation to engraft onto this remedial legislation' a requirement which is plainly absent, which would significantly increase the burden placed on consumers pursuing their remedies under the Lemon Law, and which would substantially complicate matters which may not require expert testimony. As our Supreme Court stated in Kilpatrick v. Board of Education, 206 Conn. 25,28, 535 A.2d 1311 (1988): "The courts must apply enactments according to their plain terms, and cannot read into a statute something that is not there."
GM contends that Martin's two "self-generated lists" show CT Page 13959 only that the vehicle gave off an "intermittent smell," and do not evidence an existing brake defect.
The court finds that the full record, viewed in its entirety, permitted the arbitrators to conclude otherwise. According to the record, the dealer serviced the brakes on several occasions when Mr. Martin detected a burning odor or a grinding or squealing noise. Specifically, the record reflects that Martin reported a grinding or squealing noise on July 22, 1997, July 29, 1996, and on August 23, 1996 and reported smelling smoke and burning rubber on October 4, 1996. On all occasions, the vehicle's brakes were subject to repair. Furthermore, Martin reported smelling a burning odor on November 29, 1996 and December 27, 1996 but the dealership found the brakes to be working properly. Thereafter, Martin began keeping his "self-generated lists" detailing when the burning odor occurred.
It was within the discretion of the arbitration panel, which heard the evidence and reviewed the records of the vehicle's repair history, to draw reasonable inferences based on the evidence presented to it. "The presumption is that the arbitrators are experienced men capable of weighing the evidence and giving due consideration to opposing inferences . . ." 6 C.J.S. § 163, "Arbitration". They concluded that the vehicle "still exhibits an intermittent brake problem from 7-21-96 to the present." The record contained evidence upon which that conclusion could have been inferred. "The fact that the possibility exists that two inconsistent conclusions may be drawn from the evidence does not prevent [the factfinder's] findings from being supported by evidence." Laufer v. Conservation Com'nof Fairfield, 24 Conn. App. 708, 716, 592 A.2d 392 (1991).
Next, GM argues that because the brake problem was "intermittent" the record lacked substantial evidence to support the arbitrators' findings. In support of its argument, GM relies on the fact that on the date of hearing itself, the problem did not exist at all. GM relies on the testimony of GM's technical expert, who concluded, in essence, that any problem that might have arguably existed had been remedied fully.
While this argument has some surface appeal, the court is not persuaded. First, the plain language of the statute does not exclude "intermittent," recurring problems from its reach. Officeof Consumer Counsel v. Dept. of Public Utility Control,234 Conn. 624, 642, 662 A.2d 1251 (1995); Chrysler Corporation v.CT Page 13960Maiocco, supra, at 591. Nor does the statute require that the problem exist on the precise day of the hearing. In fact, Mr. Martin testified at the March 19, 1997, hearing that while he didn't have a brake problem on the day of the hearing, the problem was ongoing. Transcript of Arbitration Proceedings, InRe: Martin versus Pontiac, Docket No. 96-0020, pages 18, 37. Presumably, had the legislature intended to exclude periodic or intermittent problems from the statute's reach, it would have done so. It may do so still. This court again declines GM's invitation to read additional requirements into this legislation, which, as noted, must be read broadly because of its remedial nature. Cagiva North America, Inc v. Schenk, supra, 239 Conn. 14.
As to the expert testimony upon which GM relies, as noted, the arbitrators in reaching their decision were permitted to assess the credibility of all witnesses and to accept or reject testimony, and opinions, presented by an expert, in whole or in part. Briggs v. State Employees Retirement Commission,210 Conn. 214, 217, 554 A.2d 292 (1989).
GM also contends that the arbitrator's finding that a burning odor was part of the "original complaint" is not supported by the record. The record reveals that the original complaint by Martin was that the left rear wheel was making a grinding noise. Thereafter, the vehicle was brought in July 29, 1996, August 23, 1996 for complaints about a grinding noise from the left rear tire. On October 4, 1996, November 29, 1996, and December 27, 1996, Martin brought the vehicle to the dealer complaining of a burning odor from the left rear tire. On four of these occasions the brakes were subject to repair. As stated above, it was within the arbitrators' discretion to draw reasonable inferences based on the evidence presented to it. The arbitrators could have reasonably inferred that the grinding, squealing and burning complaints were merely symptoms of an underlying brake defect. The fact that another panel could have concluded otherwise does not render this panel's conclusion erroneous.
2. Is there substantial evidence in the record to support a finding that the brake defect "substantially impairs the use, safety or value of the motor vehicle".
GM argues that the panel's decision should be vacated because the panel's conclusions that an intermittent brake problem substantially impairs the use, safety or value of vehicle to Martin was not supported by substantial evidence in the record. CT Page 13961 GM urges this court to adopt an objective test with a subjective component in measuring substantial impairment under General Statutes § 42-179. In support of its argument, GM relies onWeb Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 525 A.2d 57 (1987) and cases from other jurisdictions, including Gasque v. Mooers Motor Car Co., Inc., 313 S.E.2d 384
(Supreme Court of West Virginia 1984), which have interpreted an arguably similar provision of the Uniform Commercial Code.
The department, however, relies on the plain language of the statute which refers to substantial impairment to the consumer only, and notes that the legislature was well aware of the approach taken by the UCC when it enacted by Lemon Law. Chryslerv. Maiocco, 209 Conn. 579-95, 552 A.2d 1207 (1989).
General Statutes § 42-179 provides, in relevant part, that "[i]f the manufacturer . . . [is] unable to conform the motor vehicle to any applicable express warranty by repair or correcting any defect or condition which substantially impairs the use, safety or value of the motor vehicle to theconsumer . . . the manufacturer shall replace the motor vehicle with a new motor vehicle. . . . It shall be an affirmative defense to any claim under this section (1) that an alleged nonconformity does not substantially impair such use, safety or value . . ." General Statutes § 42-179 (d). (Emphasis added.)
GM's concern that consumers not be able to prevail when making unreasonable or unsubstantiated claims is valid. Merely subjective complaints by a consumer dissatisfied with a cars performance, unaccompanied by any evidence of an actual problem, are not sufficient to prevail at an arbitration hearing because there must be evidence that a defect or condition actually exists. Under Section 42-179 (d), a manufacturer has the opportunity, as an affirmative defense, to challenge at the hearing any unsupported or unreasonable claim in that regard. However, in the absence of controlling Connecticut case law that supports GM's position, this court declines to read a subjective/objective test into the plain language of the statute, which, the department argues, in the use of the language "to the consumer," appears to focus on matters as viewed from the consumer's subjective vantage point. See Office of ConsumerCounsel v. Dept. of Public Utility and Control, 234 Conn. 624,642, 662 A.2d 1251 (1995) see also Leo Fedus Sons ConstructionCo. v. Zoning Board of Appeals, 225 Conn. 432, 441, 623 A.2d 1007
(1993). This is not to suggest that a panel must credit any CT Page 13962 claim by a consumer, no matter how unsupported by the evidence or unreasonable, that an alleged defect has substantially impaired the use, safety, or value of a vehicle. Presumably, if the claim being made is unreasonable, or fraudulent, this will be apparent to the arbitrators, who will be free to reject the claim on the grounds that the alleged nonconformity does not substantially impair the use, safety or value of the vehicle. In its present form, then, without any judicial embellishment, and without reading into the statute a particular test of any kind, the statute permits arbitrators to reject unreasonable claims made by hypercritical consumers. The members of the panel in this case — and others — are better-positioned than a reviewing court to thoughtfully determine if the concerns of the consumer are reasonable, given all of the circumstances present, in light of the full record and their personal evaluation of the testimony. In this case, the record supports the arbitrators' decision that the problem impaired both the safety, and the use, of the vehicle.
Summary and Conclusions
The court declines GM's invitation to read into the statute various requirements which are not present. The full record, including the substantial repair record, viewed in the light of Mr. Martin's testimony, provided an appropriate basis for the two members of the panel to decide as they did. Consequently, plaintiff's amended application to vacate, is denied. Counsel are commended for the thorough nature and high quality of their briefs.[9]
LAVINE, J.