[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiffs Marc S. Levine and Arthur T. Anderson appeal the decision of the East Granby Inland Wetlands Conservation Commission denying their application to construct a multi-family affordable housing project on a 41.17 acre parcel of land in the town. The defendant commission acted pursuant to General Statutes § 22a-42a. The plaintiff appeals pursuant to § 22a-43. The court finds the issues in favor of the defendant commission.
By supplement to the record and without dispute, the plaintiffs established that they hold an option to purchase the land in question and are thus aggrieved by the commission's decision.
The property contains 19.55 acres of wetlands subject to regulation. The major wetland systems are two watercourses on the property: Sanford Brook, flowing south to north along the western edge of the property; and Sheldens Brook, flowing south to north along the eastern edge of the property. The plaintiffs' project as planned required work to be done on a crossing of the Sanford Brook area, storm water management in the buffer zone, and roadway development within the buffer zone.
In preparing its application, and in subsequently revising it, the plaintiffs were assisted by an environmental consulting firm it hired, Delta Environmental Services, Inc. In addition to its own town engineer, the commission consulted the Natural Resources Conservation Service of the U.S. Department of Agriculture (NRC) and the Eastern Connecticut Environmental Review Team (ERT). The ERT is a state funded environmental consulting organization which makes available to local agencies, such as the defendant commission, a team of experts to assist in the review of applications for major land development projects. All of these experts, Delta, ERT, and NRC, reviewed the plaintiffs' application, physically inspected the site, and submitted written reports to the commission prior to its final action.
After conducting the required hearing, the commission denied the plaintiffs' application at its meeting on October 3, 1996. CT Page 14290 Prior to the vote various members of the commission expressed reasons for the denial. The principal reason, explicitly advanced by three of the commissioners and concurred in by the others, concerned the plaintiffs' proposal for providing access to the project from South Main Street and across Sanford Brook. The plaintiffs' application proposed to establish a catch basin area upstream of the crossing and a culvert at the crossing. Three members of the commission expressed their conclusion that a span bridge would be preferable, reducing the possibility of flooding. The plaintiffs had rejected that alternative and their application did not include it. Commission members also stated that the application made inadequate provision for the ground water runoff that would result from the construction of the new buildings. Members noted the lack of one hundred year flood information, the lack of information on the impact of blasting during construction, and the lack of a complete sedimentation and erosion control plan.
As the basis of their appeal, the plaintiffs argue, in essence, that there was not substantial evidence to support the commission's decision. The court disagrees.
In their memoranda of law submitted to the court, the parties have accurately summarized the standards to which this court must adhere in reviewing the commission's decision. These standards have been developed and articulated by our appellate courts in a series of decisions which erect difficult obstacles to a challenge of a decision rendered by a wetlands agency after an evidentiary hearing. The agency's decision must be sustained if the record contains evidence that supports any one of the reasons given for the decision. Such evidence must be substantial, but the possibility of drawing two different conclusions from the evidence does not prevent it from being deemed substantial. The plaintiff has the burden of establishing that substantial evidence that would support the agency's decision does not exist. In determining whether the agency acted on the basis of substantial evidence, the court must not substitute its judgment for that of the agency on issues of fact and the credibility of witnesses. An administrative agency is not required to believe any witness, even an expert, nor is it required to use in any particular fashion any of the evidence presented to it so long as the conduct of the hearing is fundamentally fair. The agency may consider the advice and assistance it receives from its own professional staff, but it is the agency itself that must make the final decision, based on the facts that it finds to be CT Page 14291 established. Samperi v. Inland Wetlands Agency, 226 Conn. 579
(1993); Red Hill Coalition, Inc. v. Conservation Commission,212 Conn. 710 (1989); Huck v. Inland Wetlands Watercourses Agency,203 Conn. 525 (1987); Laufer v. Conservation Commission,24 Conn. App. 708 (1989).
The court has examined the entire record in this case including, in particular, the reports submitted by Delta, ERT and NRC. The NRC report was submitted essentially as a critical response to Delta's response to the ERT report. The commission thus had the benefit of independent analysis of the plaintiffs' application by two governmental agencies, staffed by experts. Moreover, these agencies addressed, point by point, the substance of the evidence submitted by the plaintiffs' experts at Delta.
Both the ERT and NRC reports recommend the erection of a span bridge rather than the road/culvert crossing proposed in the plaintiffs' application. Both these reports also contain discussion and conclusions by the respective staff members which support the reasons articulated by the various commission members for denying the application. The plaintiffs argue, nevertheless, that the ERT and NRC reports are not adequate to support the commission's decision, contending that they do not sustained.
The authors of the ERT report are nine experts in fields relevant to wetlands regulation. They reviewed the report compiled by the plaintiffs' experts in detail, they physically inspected the land, and they rendered their independent written evaluation of the plaintiffs' application. Just as the report submitted by Delta is substantial evidence, so is the report submitted by ERT. The fact that the ERT experts disagreed with the Delta experts does not affect the validity of the commission's decision; indeed it was the duty of the commission members in that circumstance to determine which expert opinions to adopt and which to reject. "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . ." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney, 234 Conn. 312, 319-320 (1995), quoting Samperi v. Inlands Wetlands Agency, 226 Conn. 579,587-588 (1993).
The court concludes, on the basis of its review of the CT Page 14292 record, that the commission adequately set forth its reasons for its decision and that ample substantial evidence in the record supports that decision. The fact that there is contrary evidence in the record does not affect the validity of the commission's decision.
The plaintiffs' appeal is dismissed.
MALONEY, J.